[648 NYS2d 812]

In the Matter of FRONTIER INSURANCE COMPANY, as Subrogee of ANDREW SAMEL, Appellant, v G. OLIVER KOPPELL, as Attorney-General of the State of New York, Respondent. (And 12 Other Related Proceedings.)

Third Department, October 31, 1996

APPEARANCES OF COUNSEL

*Nixon, Hargrave, Devans & Doyle, L .L. P.,* Rochester (*William S. Brandt* of counsel), and *DuBois, Billig, Loughlin, Conaty & Weisman,* Rock Hill, for appellant.

*Dennis C. Vacco, Attorney-General,* Albany (*Michael S. Buskus* and *Peter H. Schiff* of counsel), for respondent.

### OPINION OF THE COURT

CREW III, J.

Petitioner is an insurance company providing defenses to 11 physicians employed as professors of medicine by State University of New York (hereinafter SUNY) medical schools who were members of the clinical practice plans at the hospitals at which they taught. Each physician was the subject of a medical malpractice suit brought by a patient treated at a SUNY health center between June 1993 and August 1994, for which each sought a defense by respondent pursuant to the provisions of Public Officers Law § 17 (2) (a); in each case, respondent refused to defend. Thereafter, petitioner commenced these CPLR article 78 proceedings seeking to compel respondent to provide a defense to the physicians. Respondent moved to dismiss the petitions on the grounds that Public Officers Law § 17 (11) divested the physicians of the protection of Public Officers Law § 17 and that the physicians had waived the protection afforded them under the Public Officers Law pursuant to their 1991-1995 collective bargaining agreement. Supreme Court granted the motions and dismissed the petitions, and these appeals followed.

We affirm. Public Officers Law § 17 (2) (a) provides that upon delivery to the Attorney-General of a copy of the summons and complaint in an action alleging an act or omission which occurred while an employee was acting within the scope of his or her public employment, the State shall provide for the defense of the employee. In 1992, the Legislature amended Public Of-

ficers Law § 17 by adding subdivision (11), which provides that physicians at SUNY medical schools engaged in the clinical practice of medicine are not entitled to the benefits afforded by Public Officers Law § 17 (*see,* Public Officers Law § 17 [11], as added by L 1992, ch 499, § 16). Inasmuch as each of the underlying medical malpractice actions was commenced in 1993 or 1994, respondent claims that the aforesaid amendment precludes the physicians' right to a defense. Petitioner, on the other hand, urges that each of the physician's right to a defense under Public Officers Law § 17 (2) (a) vested at the time of the alleged malpractice and, further, because each alleged act of malpractice occurred prior to the enactment of the amendment, each physician is entitled to a defense. This issue need not detain us, however, because it is clear that the physicians waived whatever rights they possessed under Public Officers Law § 17 by reason of their 1991-1995 collective bargaining agreement.

A waiver is " 'the intentional relinquishment of a known right with both knowledge of its existence and an intention to relinquish it' " (*Werking v Amity Estates,* 2 NY2d 43, 52, *appeal dismissed and cert denied* 353 US 933, quoting Whitney, Contracts, at 273 [4th ed]). The physicians' labor union (United University Professions) and the State entered into a collective bargaining agreement effective 1991 which provided, *inter alia,* that: "The State shall prepare, secure introduction and recommend passage of legislation to amend [Public Officers Law § 17] to reflect the longstanding agreement of the parties that the physicians who participate in the clinical practice plan * * * shall be responsible for their own malpractice insurance. It is the expressed understanding of the parties that [Public Officers Law § 17] does not cover any malpractice claims that arise from the conduct of or participation in the clinical practice plan." Such language clearly and unambiguously waives all rights, vested or otherwise, afforded the physicians pursuant to Public Officers Law § 17 and, as such, Supreme Court properly granted respondent's motion to dismiss.

Petitioner's remaining contentions have been reviewed and found to be lacking in merit.

MIKOLL, J. P., YESAWICH JR., PETERS and CARPINELLO, JJ., concur.

Ordered that the judgments are affirmed, without costs.