OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
 

 Although the plain language of CPLR 3121 (a) authorizes physical or mental examinations “by a designated physician,” and defendant’s vocational rehabilitation expert was not a medical doctor, CPLR 3121 does not limit the scope of general discovery available, subject to the discretion of the trial court,
 
 *954
 
 under CPLR 3101
 
 (see, Hoenig v Westphal, 52
 
 NY2d 605, 609; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C310L3, at 14 [noting that CPLR 3101, and not the various provisions describing the disclosure devices, defines the scope of discovery]). That statute broadly mandates
 
 “full
 
 disclosure of all matter material and necessary in the prosecution or defense of an action” (CPLR 3101 [a] [emphasis supplied]).
 

 The specific directives concerning the procedure for obtaining mental and physical examinations by a physician contained in CPLR 3121 (a) do not detract from a Trial Judge’s authority to act pursuant to the more general provisions which may render information discoverable
 
 (see,
 
 CPLR 3101 [a]) and obtainable
 
 (see,
 
 CPLR 3102 [a]). Indeed, the scope of these discovery statutes is very broad, consistent with New York’s policy of permitting “open and far-reaching pretrial discovery”
 
 (DiMichel v South Buffalo Ry. Co.,
 
 80 NY2d 184, 193,
 
 rearg denied sub nom. Poole v Consolidated Rail Corp.,
 
 81 NY2d 835,
 
 cert denied
 
 510 US 816). Thus, in
 
 Hoenig v Westphal,
 
 we rejected the argument that the scope of CPLR 3101 concerning the discovery of medical reports was restricted by the narrower provisions for the exchange of medical reports prepared by expert witnesses in CPLR 3121 (b)
 
 (see, Hoenig v Westphal, supra, 52
 
 NY2d, at 609-610).
 

 Nonetheless, litigants are not without protection against unnecessarily onerous application of the discovery statutes. “Under our discovery statutes and case law, competing interests must always be balanced; the need for discovery must be weighed against any special burden to be borne by the opposing party”
 
 (O’Neill v Oakgrove Constr.,
 
 71 NY2d 521, 529,
 
 rearg denied
 
 72 NY2d 910;
 
 see, Cynthia B. v New Rochelle Hosp. Med. Ctr.,
 
 60 NY2d 452, 461;
 
 see also,
 
 CPLR 3103 [granting trial court broad discretion to penalize disclosure abuses]). Once the lower courts have undertaken this balancing of interests with respect to discovery requests, this Court’s review is limited to determining whether there has been an abuse of discretion
 
 (see, Hirschfeld v Hirschfeld,
 
 69 NY2d 842, 844;
 
 Matter of U. S. Pioneer Elees. Corp. [Nikko Elec. Corp.],
 
 47 NY2d 914, 916).
 

 As a general proposition, in personal injury litigation, requiring the plaintiff to submit to extensive vocational assessment procedures might well be unduly burdensome. Here, however, to establish damages for plaintiff Kavanagh’s personal injuries, plaintiffs retained a nonphysician vocational rehabili
 
 *955
 
 tation expert who was prepared to testify that examination and testing established her present lack of capacity to perform in the workforce. Plaintiffs thereby overtly made vocational rehabilitation assessment procedures “material and necessary in the * * * defense” for the purposes of rebuttal
 
 (see,
 
 CPLR 3101 [a];
 
 see also, Hoenig v Westphal, supra,
 
 52 NY2d, at 610). The opportunity to present a competing assessment of Kavanagh’s vocational abilities by an expert thus became imperative to the goal underlying our discovery rules of “ensuring] that both plaintiff[s] and defendant receive a fair trial”
 
 (DiMichel v South Buffalo Ry. Co.,
 
 80 NY2d, at 198,
 
 supra).
 
 Under these circumstances, it cannot be said that the trial court abused its discretion in finding that the need for the discovery outweighed the burden on the protesting party, and, as a result, in compelling the discovery.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur in memorandum.
 

 Order affirmed, etc.