■ CHRISTOPHER ALLEN, Respondent, v AETNA LIFE INSURANCE COMPANY et al., Defendants, and SCHINDLER ELEVATOR CORPORATION, Appellant. (And a Third-Party Action.) [681 NYS2d 273] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered April 21, 1998, which denied defendant-appellant's motion to renew a prior motion to compel plaintiff to appear for an examination by a vocational rehabilitation specialist, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs and disbursements, and the motion granted. Appeal from order, same court and Justice, entered February 5, 1998, unanimously dismissed as superseded by the appeal from the April 21, 1998 order.

After plaintiff served a supplemental bill of particulars enlarging the description of his injuries and identified a specialist in vocational rehabilitation to be called as an expert to testify, *inter alia*, as to the problems plaintiff will encounter in procuring gainful employment in light of his injuries, defendant Schindler moved to compel plaintiff to appear for a vocational rehabilitation examination. The IAS Court denied the relief, stating that plaintiff cannot be required to submit to an examination by anyone other than a physician. Schindler moved to renew, identifying a medical doctor as the vocational rehabilitation specialist it had selected. The IAS Court nevertheless denied renewal. This was error. In view of plaintiff's intention to call an expert as to the problems he will encounter

in procuring gainful employment and the claim made for the first time in his supplemental bill of particulars of lost earnings in excess of $6,000,000, defendant is entitled to an examination by a physician who is a vocational rehabilitation specialist. (*Johnson v Moran Towing & Transp. Co.*, 194 AD2d 445.) Indeed, there is no requirement that the specialist be a physician. (*Kavanagh v Ogden Allied Maintenance Corp.*, 92 NY2d 952.) Concur—Sullivan, J. P., Rosenberger, Nardelli, Williams and Andrias, JJ.