◼ PAULA R. SMITH et al., Appellants, v STEVEN MANNING et al., Defendants, and BOULEVARD PRODUCE, INC., Respondent. [716 NYS2d 844] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted that part of the motion of defendant Boulevard Produce, Inc. seeking to compel Paula R. Smith (plaintiff) to submit to an examination by a nonphysician vocational rehabilitation specialist. Although CPLR 3121 (a) authorizes physical or mental examinations by a designated physician, that statute "does not limit the scope of general discovery available, subject to the discretion of the trial court, under CPLR 3101," and the directives in CPLR 3121 (a) concerning the procedures for obtaining such examinations "do not detract from a Trial Judge's authority to act pur-

suant to the more general provisions which may render information discoverable" (*Kavanagh v Ogden Allied Maintenance Corp.*, 92 NY2d 952, 953-954; *see, Hoenig v Westphal*, 52 NY2d 605, 609-610). Here the court properly balanced the need for the examination against the burden to plaintiff (*see, Kavanagh v Ogden Allied Maintenance Corp., supra*, at 954). Because plaintiff intends to establish her present lack of capacity to perform in the work force, "[p]laintiffs thereby overtly made vocational rehabilitation assessment procedures 'material and necessary in the * * * defense' for the purposes of rebuttal" (*Kavanagh v Ogden Allied Maintenance Corp., supra*, at 955; *see, CPLR 3101 [a]; see also, Hoenig v Westphal, supra*, at 610). Contrary to plaintiff's contention, *Kavanagh v Ogden Allied Maintenance Corp. (supra)* is not limited to cases in which the plaintiff has retained a vocational rehabilitation specialist. (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Discovery.) Present—Pine, J. P., Wisner, Scudder and Kehoe, JJ.