■ Philip DiMarco et al., Respondents, v Heckler Electric Company, Inc., Appellant. [736 NYS2d 595] —Order, Supreme Court, New York County (Edward Lehner, J.), entered on or about March 2, 2001, which, to the extent appealed from, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Drawing all reasonable inferences in favor of the plaintiff, as is required (*see, e.g., Graham v Columbia-Presbyterian Med. Ctr.*, 185 AD2d 753, 755), it is plain that there are triable issues of fact as to the role of defendant's employees in positioning the lighting fixture that injured plaintiff. Concur—Nardelli, J.P., Andrias, Saxe, Ellerin and Marlow, JJ.

■ The People of the State of New York, Respondent, v Paul Campbell, Appellant. [737 NYS2d 73] —Judgment, Supreme Court, New York County (Michael Corriero, J.), entered June 29, 1999, convicting defendant, after a jury trial, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously affirmed.

The verdict was based upon legally sufficient evidence and was not against the weight of the evidence. Evidence establishing that defendant entered a youth center by taking advantage of the fact that workers propped open a door that normally was kept locked, requiring admittance by buzzer, and that while inside defendant stole a stereo, hid in a darkened meter room and falsely claimed to be part of the cleaning crew, warranted the inference that he entered the building with intent to steal and with knowledge that he had no license or privilege to enter (*see, People v Castillo*, 47 NY2d 270, 278; *People v White*, 250 AD2d 500, *lv denied* 92 NY2d 952). Concur—Nardelli, J.P., Andrias, Saxe, Ellerin and Marlow, JJ.