■ FRONTIER INSURANCE COMPANY, as Subrogee of KATHLEEN DROESCH, Appellant, v STATE OF NEW YORK, Respondent. (And Three Other Related Claims.) [748 NYS2d 882] —Rose, J. Appeals (1) from an order of the Court of Claims (King, J.),

entered December 23, 1999, which denied claimant's motion for a commission to depose an out-of-state resident, and (2) from an order of said court (Sise, J.), entered October 9, 2001, which, inter alia, granted defendant's motion for a protective order.

Claimant, as subrogee of four physicians employed by the State University of New York (hereinafter SUNY), brought these four claims seeking indemnification by defendant for medical malpractice settlements arising out of treatment provided by the physicians. Claimant moved for a commission to depose Joseph Bress, a resident of the District of Columbia, because of his involvement as a former Director of the Governor's Office of Employee Relations in the negotiation of the 1991-1995 collective bargaining agreement (hereinafter CBA) upon which defendant relies in opposing claimant's claims. Citing *Frontier Ins. Co. v Koppell* (225 AD2d 93, 94-95, *lv denied* 90 NY2d 806), in which this Court held that the CBA effected a waiver of the physicians' then-existing rights to indemnification, the Court of Claims found that the evidence to be elicited from Bress would be irrelevant to claimant's claims and denied its motion. When claimant later served Bress with notices of deposition anyway, the Court of Claims granted defendant's motion for a protective order. Claimant now appeals, contending that Bress's anticipated testimony is relevant to the central issue of whether the CBA effectuated a waiver of the physicians' rights to indemnification. Based on our holding in *Frontier Ins. Co. v Koppell* (*supra*), which we deem to be controlling on this issue, we cannot agree.

When the Legislature implemented the terms of the CBA in 1992 (retroactive to July 1, 1991), Public Officers Law § 17, which provides a defense and indemnification to state employees for acts or omissions occurring within the scope of their employment, was amended to exclude such protection previously afforded to SUNY physicians for malpractice claims arising out of their clinical practice (*see* Public Officers Law § 17 [11], as added by L 1992, ch 499, § 16; *see also Frontier Ins. Co. v Koppell, supra*). In considering whether the CBA reflected a past waiver of such rights, we found a question of fact as to whether defendant was required to defend and indemnify them for malpractice claims brought before July 1, 1991 (*see Frontier Ins. Co. v State of New York*, 197 AD2d 177, 182, *affd* 87 NY2d 864). However, we later concluded that, as to defense and indemnification of malpractice actions commenced after July 1, 1991, SUNY "physicians waived whatever rights they possessed under Public Officers Law § 17 by reason

of their 1991-1995 [CBA]" (*Frontier Ins. Co. v Koppell, supra* at 95). Here, the acts and omissions underlying the malpractice actions against the physicians occurred prior to July 1, 1991, but the actions were commenced after that date.

Accordingly, as a matter of law, the physicians waived their rights to indemnification and, by applying our precedent in *Frontier Ins. Co. v Koppell* (*supra*), the Court of Claims properly found Bress's testimony not to be necessary to determine whether they had done so. Since disclosure is limited to evidence that is material and necessary to an action (*see* CPLR 3101 [a]; *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406), and since it is well settled that trial courts have broad discretion to determine what disclosure is material and neces- sary (*see Ruthman Mercadante & Hadjis v Nardiello*, 288 AD2d 593, 594), we decline to disturb the determination by the Court of Claims that evidence regarding whether the CBA was intended to effectuate a waiver is not material and necessary to this litigation.

Crew III, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.