■ MATTHEW FRENI, Appellant, v EASTBRIDGE LANDING ASSOCIATES LP et al., Respondents, et al., Defendants. [767 NYS2d 5] —Order, Supreme Court, Bronx County (Sallie Manzanet, J.), entered October 15, 2002, which directed that plaintiff submit to an examination by a vocational rehabilitation specialist, affirmed, without costs.

Plaintiff Matthew Freni, a cement mason, was injured on September 8, 1997 while working at a construction site near 377 East 33rd Street in Manhattan. Plaintiff commenced the instant action against defendants Eastbridge Landing Associates LP and HRH Construction Co., the owner of the building and general contractor, respectively, alleging violations of sections 200, 240 (1) and 241 (6) of the Labor Law.*

According to his bill of particulars, plaintiff alleged serious permanent injuries to both knees resulting from a fall at the construction site, which ultimately required surgery. Plaintiff alleged that he has been unable to work from the date of the injury through the present, and sets forth a lost earnings claim of "approx. $150,000 and continuing thereafter." His bill of particulars further states that he "continues to be partially disabled from attending to his full employment and activities" and that his disabilities "are of a continuing, permanent and partial nature."

In a preliminary conference order dated November 9, 2001, plaintiff was directed to submit to physical examinations by defendants' orthopedic, neurological and vocational rehabilita-

---

* The additional defendants in the action are not parties to this appeal.

tion experts within 45 days. On May 13, 2002, a compliance conference was held before the court, which ordered that a vocational rehabilitation examination would be required "only if agreed to in the [preliminary conference order]." Thereafter, defendants attempted to schedule an examination of plaintiff by their vocational rehabilitation expert and plaintiff's counsel refused, arguing that they never agreed to such an examination by defendants and that, in any event, New York law does not require it in circumstances where the plaintiff has not noticed a vocational rehabilitation expert.

Defendants then moved to strike plaintiff's complaint for his willful failure to submit to the examination, and plaintiff opposed. The motion court denied defendants' motion to strike plaintiff's complaint, but directed that plaintiff submit to such examination by November 15, 2002. Plaintiff appealed this ruling and obtained a stay of the motion court's order pending outcome of this appeal.

On appeal, plaintiff argues that the law in this Department clearly holds that unless a plaintiff has noticed a vocational rehabilitation expert to testify on his or her case, a plaintiff cannot be compelled to submit to an examination by a vocational rehabilitation expert designated by the defendant. Plaintiff relies on the Court of Appeals' decision in *Kavanagh v Ogden Allied Maintenance Corp.* (92 NY2d 952 [1998]) and this Court's decision in *Allen v Aetna Life Ins. Co.* (256 AD2d 103, 104 [1998]) in stating that a rule of "reciprocity" governs a defendant's right to such an exam, and since plaintiff has not noticed a vocational rehabilitation expert in this case, these holdings require the denial of defendants' motion. We disagree.

In *Kavanagh v Ogden Allied Maintenance Corp.* (92 NY2d 952, 955 [1998]), the Court of Appeals held that where the plaintiff had retained a vocational rehabilitation expert who would testify "that examination and testing established her present lack of capacity to perform in the workforce," the defendant was entitled to rebut this evidence with a "competing assessment of [the plaintiff's] vocational abilities by an expert." The Court further noted that while generally requiring a plaintiff to submit to extensive vocational assessment procedures "might well be unduly burdensome," the plaintiff had overtly made these procedures "'material and necessary in the * * * defense'" by noticing her own expert to testify as to her lack of capacity to work (*id.* at 954, 955 [quoting CPLR 3101 (a)]).

*Kavanagh* is distinguishable from the instant case because the plaintiff in that case had noticed her own vocational reha-

bilitation expert. Thus, the only issue before the Court of Appeals in *Kavanagh* was whether the defendant was entitled to have an examination by its vocational rehabilitation expert, after the plaintiff had already announced her intention to introduce such evidence. *Allen v Aetna Life Ins. Co.* (256 AD2d 103, 104 [1998]), also cited by plaintiff, is distinguishable on this very same ground. Accordingly, neither of these cases answers the specific question raised here, namely, whether defendants may compel plaintiff to undergo such an examination where, despite not noticing his own expert, plaintiff intends to prove at trial that he is entitled to "continuing" lost earnings as a result of his injuries.

The Fourth Department has directly addressed the issue and has concluded that a defendant is entitled to such an examination, even where the plaintiff has not retained a vocational rehabilitation expert (*see Smith v Manning*, 277 AD2d 1004 [2000]). In *Smith* (277 AD2d at 1005), the Fourth Department held that "[b]ecause plaintiff intends to establish her present lack of capacity to perform in the work force, '[p]laintiffs thereby overtly made vocational rehabilitation assessment procedures "material and necessary in the * * * defense" for the purposes of rebuttal' [citations omitted]." Significantly, the Court went on to say: "Contrary to plaintiff's contention, *Kavanagh v Ogden Allied Maintenance Corp.* (*supra*) is not limited to cases in which the plaintiff has retained a vocational rehabilitation specialist" (*Smith*, 277 AD2d at 1005).

We believe that the Fourth Department's holding in *Smith* is directly applicable to this case and is consistent with the view expressed in *Kavanagh* that "the scope of th[e] discovery statutes is very broad, consistent with New York's policy of permitting 'open and far-reaching pretrial discovery' " (*Kavanagh*, 92 NY2d at 954, quoting *DiMichel v South Buffalo Ry. Co.*, 80 NY2d 184, 193 [1992], *rearg denied sub nom. Poole v Consolidated Rail. Corp.*, 81 NY2d 835 [1993], *cert denied* 510 US 816 [1993]). Indeed, CPLR 3101 (a) broadly mandates "full disclosure of all matter material and necessary in the prosecution *or defense of an action*" (emphasis added).

The dissent's statement that "defendants have offered no reason that an assessment of his employment potential cannot be made in the usual way from an evaluation of the medical findings" cannot be reconciled with New York's policy of liberal disclosure. Under CPLR 3101, defendants are not limited to reliance on the testimony of one of their previously noticed medical experts in order to contest plaintiff's incapacity to work. Rather, given plaintiff's claim for "continuing" lost earn-

ings based upon his alleged incapacity to work, defendants are entitled to "full disclosure" of all matter material to their defense of the action (CPLR 3101 [a]). Defendants may consider a vocational rehabilitation expert far more qualified than a medical doctor in determining whether plaintiff's injuries prevent him from working, and restricting them from this proof on the ground that plaintiff failed to retain his own expert would impair their right to discovery. On the other hand, adopting a rule of reciprocity, as plaintiff suggests we should, would enable plaintiff to control and limit the scope of discovery on an issue that he has placed in controversy. Concur— Nardelli, J.P., Rosenberger and Gonzalez, JJ.

Mazzarelli and Ellerin, JJ., dissent in a memorandum by Ellerin, J., as follows: I would hold that the motion court abused its discretion in ordering plaintiff to undergo, in addition to orthopedic and neurological examinations, an examination by a vocational rehabilitation expert (*see Kavanagh v Ogden Allied Maintenance Corp.*, 92 NY2d 952 [1998]). While confirming New York's liberal policy of disclosure and correspondingly broad discovery statutes, the *Kavanagh* Court cautioned that, "[n]onetheless, litigants are not without protection against unnecessarily onerous application of the discovery statutes" (*id.* at 954). "[C]ompeting interests must always be balanced; the need for discovery must be weighed against any special burden to be borne by the opposing party" (*id.*, quoting *O'Neill v Oakgrove Constr.*, 71 NY2d 521, 529 [1988]).

The Court of Appeals began its analysis of the competing interests in *Kavanagh* with the observation that, "[a]s a general proposition, in personal injury litigation, requiring the plaintiff to submit to extensive vocational assessment procedures might well be unduly burdensome" (*Kavanagh* at 954). Johanna Kavanagh, however, had retained an expert prepared to testify that examination and testing established her present lack of capacity to perform in the workplace, "thereby overtly [making] vocational rehabilitation assessment procedures 'material and necessary in the * * * defense' for the purposes of rebuttal" (*id.* at 955, quoting CPLR 3101 [a]). Accordingly, the Court perceived no abuse of discretion in the trial court's finding that the defendant's need for the discovery it sought outweighed the burden on Ms. Kavanagh.

Every discovery request must be evaluated in the context of the particular case in which it is made and in light of the evidence presented to the court (*see Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 747 [2000]). The weight assigned in *Kavanagh* to the defendant's need to be able to rebut the plaintiff's

evidence as to vocational rehabilitation assessment procedures tipped the scales in favor of the defendant's need for the discovery it sought, but that is not a factor in this case and defendants have indicated no other need for the discovery they seek that outweighs the burden to plaintiff.

*Kavanagh* requires that the instant defendants' motion to compel plaintiff to submit to an examination by a vocational rehabilitation expert be denied, not because plaintiff did not retain such an expert, but because defendants have not shown that their need for the discovery outweighs the burden to plaintiff (*see e.g. D'Amico v Manufacturers Hanover Trust Co.*, 182 AD2d 462, 464 [1992] [defendants have offered no reason that an assessment of his employment potential cannot be made in the usual way from an evaluation of the medical findings]). The court's direction here imposes precisely the "special burden [on] the opposing party" that *Kavanagh* warns against.

The majority believes that *Smith v Manning* (277 AD2d 1004 [2000]) is directly applicable to the instant case. While *Smith* cited *Kavanagh* as a basis for affirming an order that compelled the plaintiff to undergo examination by a vocational rehabilitation specialist, it is under *Kavanagh* that we must evaluate defendants' request. In *Kavanagh,* what made vocational rehabilitation assessment procedures material and necessary to the defendant was the plaintiff's expert's anticipated testimony that examination and testing established her inability to work. Defendants have offered no comparable justification for compelling plaintiff to undergo an examination by a vocational rehabilitation consultant in this case.