Perasevic v Nouveau El. Indus. (2004 NY Slip Op 50159(U))

[*1]

Perasevic v Nouveau El. Indus.

2004 NY Slip Op 50159(U)

Decided on January 27, 2004

Supreme Court, Kings County,

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 27, 2004

Supreme Court, Kings County,
 Abdylj Perasevic and Zuli Perasevic, Plaintiffs, -v
against
Nouveau Elevator Industries, inc., Clemons Properties Partners, a New York Limted Partnership, Gerard Oestreicher, Robert shapiro and leonard Marx, sr., Defendants.
Index No. 24097/00

DAVID I SCHMIDT, J.
The following papers numbered 1 to 3 read on this motion:
 Papers Numbered
Notice of Motion/Order to Show Cause/
Petition/Cross Motion and
Affidavits (Affirmations) Annexed 1, 2 
Opposing Affidavits (Affirmations) 3 
Reply Affidavits (Affirmations) 
 Affidavit (Affirmation) 
Other Papers 
Upon the foregoing papers, defendant Nouveau Elevator Industries, Inc. (defendant) moves for an order compelling plaintiff Abdylj Perasevic to submit to an independent examination by a vocational rehabilitation specialist. Plaintiffs Abdylj Perasevic and Zuli Perasevic oppose the instant motion and cross-move for an order, pursuant to CPLR 3126, striking the answers of defendants Nouveau Elevator Industries, Inc., Clemons Properties Partners (Clemons), Robert Shapiro and Leonard Marx Sr., on the ground that defendants have failed to provide court ordered discovery. Pursuant to short form order dated September 9, 2003, [*2]the court resolved plaintiffs' cross motion by directing defendant Clemons to provide the subject outstanding discovery within 45 days of the order. Accordingly, the only remaining issue for the court to decide at this juncture is defendant's motion to compel the independent examination of plaintiff Abdylj Perasevic by a vocational rehabilitation specialist.
In the instant action, plaintiff [FN1] seeks compensation for injuries he suffered as a result of a trip and fall accident which allegedly occurred when an elevator, located in Clemons' premises, misleveled. A note of issue in the case was filed by plaintiffs on or about December 16, 2002. Subsequently, on or about April 3, 2003, plaintiffs served a supplemental bill of particulars which stated, in relevant part, that plaintiff is totally disabled as a result of the accident, and claims "future loss of wages commencing in the year 2003 to retirement at age 65 in the approximate sum of $633,815.00, exclusive of loss in health insurance, benefits, annuity payments, pension benefits, medical benefits, overtime, vacation pay, household services, and social security retirement income". Thereafter, defendant brought the instant motion to compel the independent examination of plaintiff by a vocational rehabilitation expert. Defendant argues that a vocational rehabilitation evaluation is necessary and material to its defense given plaintiff's claims that "he will be unable to return to work for the balance of his work life," and his concomitant demand for future lost earnings up to age 65. Plaintiffs contend that defendant's request for such an examination is not only untimely, but is also patently improper because plaintiff has not utilized any reports or opinions of a vocational rehabilitation expert to support his future lost earnings claim.
It is well settled that "[t]he supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are within the sound discretion of the Supreme Court" (Provident Life and Casualty Ins. Co. v Brittenham, 284 AD2d 518). "Although the plain language of CPLR 3121(a) authorizes physical or mental examinations 'by a designated physician,' and . . . [a] vocational rehabilitation expert [is] not a medical doctor, CPLR 3121 does not limit the scope of general discovery available, subject to the discretion of the trial court, under CPLR 3101" (Kavanagh v Ogden Allied Maintenance Corp., 92 NY2d 952, 953- 954 ). Rather, "[CPLR 3101] broadly mandates 'full disclosure of all matter material and necessary in the prosecution or defense of an action"' and CPLR 3121(a) is not to be construed to "detract from a Trial Judge's authority to act pursuant to the more general provisions which may render information discoverable ...." (id. at 954, quoting CPLR 3101; see also Burger v Bladt, 112 AD2d 127, 128 [granting defendant's motion to compel plaintiff's examination by "a teacher of the neurologically handicapped" on the ground that such examination "would yield information material and relevant to the defense"]). Accordingly, "[s]ince there is no proscriptive regarding the examination by a vocational rehabilitation expert, the guidepost is whether the discovery is material and necessary to a proper defense or prosecution; whether the effect of the examination is overly burdensome to the affected party; and whether, in allowing the examination, the fact finder will receive sufficient information to ensure a fair trial to all parties, serving the interests of justice and pursuit of the truth" (Manley v TDX Const. Corp., 2002 NY Slip Op 50417 [U]) .
[*3]
In the instant case, the grant of defendant's motion to compel the examination of plaintiff by a vocational rehabilitation expert will likely yield information which is "material and necessary to a proper defense or prosecution" and "sufficient . . . to ensure a fair trial to all parties" (see id.). Given plaintiff's claim that he has been rendered unable to work for the remainder of his working life, and is therefore entitled to future lost earnings up until retirement age, the court finds that any information garnered during his evaluation by a vocational rehabilitation expert will be material and necessary to defendant's defense in regards to those claims.
Plaintiffs argue that defendant's request for such an examination is untimely because plaintiff's initial bill of particulars, which was served on or about January 25, 2001, notified defendant that plaintiff sought damages for future lost earnings, yet defendant did not bring the instant motion until sometime after its receipt of plaintiffs' supplemental bill of particulars, which was served on or about April 3, 2003. Although plaintiffs are correct in their contention that defendant was put on notice of plaintiff's claim for future earnings by such claim's inclusion in plaintiffs' original bill of particulars, and the supplemental bill of particulars did not change the nature of the claim, but only the amount sought, the court notes that plaintiffs have not demonstrated that they will be unduly burdened or prejudiced by such an examination. Indeed, the supplemental bill of particulars was served after the note of issue was filed, and additional discovery, supervised by this court, has also continued subsequent to the filing of the note of issue. Accordingly, the court does not consider defendant's instant motion to compel plaintiff's examination by a vocational rehabilitation expert to be untimely.
As to plaintiffs' argument that the grant of a defendant's motion to compel an examination of the plaintiff by a vocational rehabilitation expert is only appropriate where the plaintiff has utilized his or her own vocational rehabilitation specialist to support his or her injury claims, the court declines to read existing precedent to require such a conclusion. The court in Kavanagh v Ogden Allied Maintenance Corp. (92 NY2d 952), cited by plaintiffs, explicitly limited its holding to cases where the plaintiff has retained a vocational rehabilitation expert to testify on his or her behalf at trial, and did not reach the issue of whether a defendant would be entitled to such an examination of plaintiff where the trial court found the examination was material and necessary to defend against a claim for future lost wages. Plaintiffs have also not cited to any authority, and the court is not aware of any, which affirmatively prohibits a trial court from exercising its supervisory authority over discovery matters pursuant to CPLR 3101 in regard to the examination of a plaintiff by a vocational specialist under these circumstances. Indeed, the Court of Appeals, in Kavanagh, explicitly affirmed that CPLR 3121(a) does not impose any limitation on the court's broad discretion in supervising discovery pursuant to CPLR 3101 (id. at 954). Additionally, the court finds the reasoning of the recent First Department case, Freni v Eastbridge Assoc.(309 AD2d 700), to be persuasive on this issue. In Freni, the Appellate Division affirmed the grant of defendant's motion to compel the examination of plaintiff by a vocational specialist where plaintiff claimed lost future wages, finding that such a holding "is consistent with the view expressed in Kavanagh that the scope of th[e] discovery statutes is very broad, consistent with New York's policy of permitting open and far-reaching pretrial discovery" (id. at 700 [internal quotation marks and citations omitted]). In rejecting plaintiff's argument that such an examination should only be allowed if plaintiff intended to use a vocational [*4]rehabilitation specialist to support his or her case, the court further noted that:
"Defendants may consider a vocational expert far more qualified than a medical doctor in determining whether plaintiff's injuries prevent him from working, and restricting them from this proof on the ground that plaintiff failed to retain his own expert would impair their right to discovery. On the other hand, adopting a rule of reciprocity, as plaintiff suggests we should, would enable plaintiff to control and limit the scope of discovery on an issue that he has placed in controversy."
This court agrees.
As a result, defendant's motion to compel the examination of plaintiff by a vocational rehabilitation expert is granted. Defendant is to designate such expert within 30 days of the date of this order. Defendant is to schedule, and plaintiff is to appear for, an examination by such designated vocational rehabilitation expert within 30 days of defendant's designation of same.
This constitutes the decision and order of the court.
E N T E R,
 J. S. C.
Decision Date: January 27, 2004
Footnotes

Footnote 1: Plaintiff Zuli Perasevic is suing derivatively for the loss of society and companionship of her husband, Abdylj Perasevic. The term "plaintiff" when used in the singular herein, will always refer to plaintiff Abdylj Perasevic.