■ AMERICAN ASSOCIATION OF BIOANALYSTS et al., Respondents, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Appellants. [784 NYS2d 717]—

Peters, J. Appeal from that part of an order of the Supreme Court (Cannizzaro, J.), entered August 14, 2003 in Albany County, which granted plaintiffs' motion to compel disclosure.

Plaintiffs commenced this suit challenging the implementation by defendant Department of Health (hereinafter DOH) of Public Health Law § 576 (4), which directs DOH to impose a fee upon clinical laboratories based upon each laboratory's proportionate share of the total "actual costs and expenses" (Public Health Law § 576 [4] [e]) that DOH incurs in operating the Clinical Laboratory Inspection and Reference Program (hereinafter the program). While the parties agree that certain direct costs may properly be charged, to wit, personal service costs comprised of salaries and benefits as well as expenses which generally refer to the cost of equipment, supplies and travel, plaintiffs contend that they are being charged for indirect costs that DOH incurs in order to be able to run broader nonreference laboratory regulatory programs.* In an effort to obtain further information about the way in which moneys were spent and accounted for, plaintiffs served interrogatories requesting

---

* In *American Assn. of Bioanalysts v Axelrod* (106 AD2d 53 [1985], *appeal dismissed* 65 NY2d 847 [1985]), this Court upheld the constitutionality of Public Health Law § 576. We noted that the "purpose of the subject statute [was] to recover the cost of regulating clinical laboratories, not to raise revenue for the support of government generally" (*id.* at 56).

that defendants account for certain expenditures from 1998 to the present that are being charged to them. Defendants objected to the interrogatories as unduly burdensome and noted that plaintiffs were receiving the benefit of moneys from other monetary sources to which they were not obligated to contribute. Plaintiffs responded with another set of interrogatories which sought information concerning the funding of those other sources.

After unsuccessful efforts at settlement, plaintiffs moved to compel or preclude pursuant to CPLR 3124 and 3126 (3). Defendants opposed and instead offered to cull a representative sample of the requested expenditures from which the interrogatories would be answered. Supreme Court, inter alia, ordered defendants to answer the interrogatories in full, prompting this appeal.

It is established that disclosure provisions are to be liberally construed and a trial court is afforded broad discretion in managing disclosure (*see Kavanagh v Ogden Allied Maintenance Corp.*, 92 NY2d 952, 954 [1998]). In the exercise of this discretion, competing interests concerning the need for such discovery must be balanced " 'against any special burden to be borne by the opposing party' " (*id.* at 954, quoting *O'Neill v Oakgrove Constr.*, 71 NY2d 521, 529 [1988]). If disclosure has been limited to material and necessary information (*see* CPLR 3101 [a]), the determination will not be disturbed unless there was a clear abuse of the trial court's discretion (*see Fox v Fox*, 309 AD2d 1056, 1058 [2003]; *Ruthman, Mercadante & Hadjis v Nardiello*, 288 AD2d 593, 594 [2001]; *see also Frontier Ins. Co. v State of New York*, 299 AD2d 600, 602 [2002]). Upon our review, we cannot conclude that Supreme Court's order was an abuse of discretion.

Pursuant to Public Health Law § 576 (4) (b) and (e), defendants were required to have a detailed accounting of the "actual costs and expenses" incurred by DOH to run the program. Counsel for defendants represented that the information is already computerized and categorized, but that further inquiry would be necessary to determine the purpose of the expenditure. While we acknowledge that both the volume of inquires and the records sought may now be "unduly burdensome," this result is solely due to defendants' failure to abide by statutory mandate for the years in question. As their laxity fueled the complexity of this litigation, there can be no abuse in the determination mandating full production (*see State of New York v General Elec. Co.*, 215 AD2d 928, 929 [1995]).

Nor do we agree that plaintiffs should be compelled to accept

defendants' offer to produce a representative sample from which the interrogatories would be answered; the deposition testimony of numerous DOH employees described a different methodology from which they accessed, spent and accounted for funds ultimately charged to plaintiffs (*compare Matter of Mercy Hosp. of Watertown v New York State Dept. of Social Servs.*, 79 NY2d 197, 203-204 [1992]; *Matter of Continental Lab. v Perales*, 188 AD2d 767, 768 [1992]). With it undisputed that the information sought is material and necessary (*see* CPLR 3101 [a]), the order is affirmed.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.

