ANTHONY VALVO et al., Respondents, v LOYAL ORDER OF MOOSE 1614, Appellant. (Appeal No. 1.) [788 NYS2d 911]—

Appeal from an order of the Supreme Court, Erie County (Peter J. Notaro, J.), entered March 19, 2004. The order denied in part defendant's motion to amend the scheduling order.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking to recover damages for injuries sustained by Anthony Valvo (plaintiff) when he slipped and fell on defendant's premises. We reject the contention of defendant in appeal No. 1 that Supreme Court erred in denying that part of its motion seeking to amend the court's scheduling order by directing plaintiffs to serve their expert disclosure 30 days before service of defendant's expert disclosure (see CPLR 3101 [d] [1] [i]; 22 NYCRR 202.17). We agree with defendant in appeal No. 2, however, that the court abused its discretion in denying defendant's cross motion to compel plaintiff to submit to a vocational interview and examination (see Kavanagh v Ogden Allied Maintenance Corp., 92 NY2d 952 [1998]; see also Smith v Manning, 277 AD2d 1004, 1004-1005 [2000]), and we therefore modify the order in appeal No. 2 accordingly. In addition, we agree with defendant in appeal No. 3 that the court abused its discretion in denying its motion to compel plaintiff to provide an authorization for the release of the records of an orthopedic physician concerning his care and treatment of plaintiff, and we therefore reverse the order in appeal No. 3 and grant the motion. Those records are subject to discovery inasmuch as they may contain "information reasonably calculated to lead to relevant evidence" (Zydel v Manges, 83 AD2d 987, 987 [1981]). Present—Scudder, J.P., Kehoe, Martoche, Smith and Lawton, JJ.