■ JOHN SCOTTO, Respondent, v M.D. CARLISLE CONSTRUCTION CORP. et al., Appellants. [797 NYS2d 96]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated December 21, 2004, as denied that branch of their motion which was to compel the plaintiff to appear for an examination by an expert in vocational rehabilitation.

Ordered that the order is reversed insofar as appealed from, with costs, and that branch of the motion which was to compel the plaintiff to appear for an examination by an expert in vocational rehabilitation is granted.

On January 11, 2001, the plaintiff, a general laborer, was injured at a construction site. Thereafter, the plaintiff commenced an action against the owners and the general contractor of the construction site to recover damages for personal injuries. In December 2003, after completion of discovery, the plaintiff commenced a separate action against the defendant Ment Brothers Iron Works Company (hereinafter the Subcontractor) to recover damages for personal injuries arising out of the same accident. The plaintiff served a verified bill of particulars on the Subcontractor for the first time alleging that he was unable to pursue his usual occupation as a result of an injury to his left shoulder. The two actions were subsequently consolidated, and

thereafter, the defendants moved, inter alia, to compel the plaintiff to appear for a vocational rehabilitation examination. The defendants argued that if the plaintiff intended to establish his lack of capacity to perform in the work force, they were entitled to examine the plaintiff by a vocational expert. The Supreme Court denied that branch of the defendants' motion.

Under the circumstances of this case, the defendants demonstrated that an examination of the plaintiff by a vocational rehabilitation expert will yield information that is material and necessary to the defense of the action (see CPLR 3101 [a]; Kavanagh v Ogden Allied Maintenance Corp., 92 NY2d 952, 955 [1998]; Freni v Eastbridge Landing Assoc. LP, 309 AD2d 700, 702 [2003]; McDowell v Eagle Trans. Corp., 303 AD2d 655, 656 [2003]; Smith v Manning, 277 AD2d 1004, 1005 [2000]). Furthermore, the plaintiff did not allege that he will be prejudiced or burdened by the examination (see Kavanagh v Ogden Allied Maintenance Corp., supra at 954; Diviesti v Sudds, 249 AD2d 503 [1998]). Accordingly, the Supreme Court improvidently exercised its discretion in denying that branch of the motion which was to compel the plaintiff to appear for an examination by a vocational rehabilitation expert. H. Miller, J.P., S. Miller, Goldstein, Mastro and Lifson, JJ., concur.