█ BENJAMIN ALLEN et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Defendants, and F & V MECHANICAL PLUMBING AND HEATING CORP. et al., Appellants. [828 NYS2d 301]—

Order, Supreme Court, Bronx County (Joseph Giamboi, J.H.O.), entered April 3, 2006, which denied defendants-appellants' motion for a vocational rehabilitation examination of plaintiff, unanimously reversed, on the facts, without costs, and the motion granted.

The motion, made some $5^{1}/_{2}$ years after the accident, was based on a bill of particulars, prepared some 10 months after the accident, asserting that plaintiff had been unemployed since the accident and "will continue to lose earnings and benefits pursuant to [his union] contract until he returns to work, if ever." In opposition, plaintiff's attorney asserted that, as defendants were aware, plaintiff had returned to work, albeit limited to light duty, and that plaintiff's claim for continuing lost wages would therefore be limited to the overtime he can no longer perform and overtime-related benefits. We reject plaintiff's argument that such a claim (it is not clear whether it encompasses the alleged inability to perform more than light duty as well as overtime) raises only an issue for "medical determination rather than occupational assessment." Plaintiff's alleged incapacity to perform his usual overtime, and resulting diminished earning capacity, warrant a vocational rehabilitation examination, regardless of whether plaintiff has noticed a vocational rehabilitation expert of his own (see Freni v Eastbridge Landing Assoc., 309 AD2d 700 [2003]). Nor does plaintiff show that such an examination would be unduly burdensome. Concur—Saxe, J.P., Sullivan, Williams, Sweeny and Malone, JJ.