■ RODNEY L. WILKERSON, Respondent, v JOSEPH KORBL, JR., et al., Appellants. [905 NYS2d 167]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about March 12, 2009, which, insofar as appealed from as limited by the briefs, denied defendants' cross motion to compel plaintiff to submit to evaluation by a vocational rehabilitation expert, unanimously reversed, on the law and facts and in the exercise of discretion, without costs, and plaintiff directed to submit to evaluation by a vocational expert not more than 10 days before the date trial is scheduled to commence.

Plaintiff's second supplemental bill of particulars made defendants aware that future lost wages would exceed $900,000. However, not until his deposition of October 24, 2008 was it disclosed that since the date of the accident, plaintiff had neither worked nor attempted to seek any form of employment. While the court's compliance conference order of September 24, 2008 does not specifically provide for vocational evaluation, it does call for physical examination by a designated physician upon written notice within five business days of plaintiff's fur-

ther examination before trial (EBT). Defendants served a notice of evaluation by their vocational rehabilitation expert on the date of the EBT to be performed four days later, but plaintiff had returned to his home in Georgia by that date.

Because it appears that plaintiff may not resume any form of employment and that future lost wages will comprise a considerable proportion of his total damages, it is appropriate that vocational evaluation be performed. However, to minimize the burden on plaintiff, the evaluation should be scheduled to coincide with his presence in New York in preparation for trial. Concur—Tom, J.P., Andrias, Sweeny, Nardelli and Renwick, JJ.