Order, Supreme Court, New York County (Eileen Bransten, J.), entered December 17, 2013, which denied defendants-appellants’ (collectively, Countrywide) motion to compel plaintiffs (collectively, Ambac) to produce certain documents relating to Ambac’s self-assessment of its shortcomings in underwriting residential mortgage-backed securities (RMBS), unanimously affirmed, with costs.
The court providently exercised its discretion in denying Countrywide’s motion to compel (see Cook v HMC Times Sq. Hotel, LLC, 112 AD3d 485 [1st Dept 2013]). The court’s order limiting disclosure of a subset of documents addressing Ambac’s recognized shortcomings and deficiencies in its RMBS underwriting, referred to as “self-analysis documents,” did not deprive Countrywide of a full and fair opportunity to litigate their defenses. Ambac has already agreed to produce self- *645 analysis documents that specifically identify Countrywide or one of the RMBS transactions at issue. The burden that would be imposed upon Ambac to search for additional documents falling under this category would outweigh Countrywide’s need for them (see Kavanagh v Ogden Allied Maintenance Corp., 92 NY2d 952, 954 [1998]). Further, Countrywide has not demonstrated that the documents are material and necessary in the defense of this action (see CPLR 3101 [a]). Indeed, as the court found, evidence of hindsight analysis would not tend to reveal Ambac’s knowledge at the time it entered into the transactions at issue (see DDJ Mgt., LLC v Rhone Group L.L.C., 15 NY3d 147, 154 [2010]).
Concur—Mazzarelli, J.P, Acosta, Freedman, Richter and Clark, JJ.