DAMIAN KENNEDY, an Infant, by His Mother and Natural Guardian, DONNA KENNEDY, et al., Respondents, v MAHOPAC

CENTRAL SCHOOL DISTRICT, Appellant, et al., Defendants. [992 NYS2d 584]—

In an action, inter alia, to recover damages for personal injuries, the defendant Mahopac Central School District appeals, as limited by its brief, from so much of an order of the Supreme Court, Putnam County (Lubell, J.), dated March 28, 2013, as denied its motion to compel the plaintiff Donna Kennedy and nonparty Damian Kennedy, Sr., to submit to a psychiatric examination by Harold J. Bursztajn.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in denying the appellant's motion to compel the plaintiff Donna Kennedy and nonparty Damian Kennedy, Sr. (hereinafter together the parents), to submit to a psychiatric examination by Harold J. Bursztajn. Damian Kennedy, Sr., is not a party to this action, nor is he "an agent, employee or person in the custody or under the legal control of a party," and his mental condition is not in controversy (CPLR 3121 [a]). As to the plaintiff Donna Kennedy, the complaint contains a claim on her behalf for the loss of services, society, and companionship of her son. The complaint does not allege that she suffered psychiatric or psychological injuries. Thus, her mental condition also is not in controversy pursuant to CPLR 3121 (a). Further, in the context of this case, the burden of subjecting the parents to psychiatric examinations, which would involve private and highly personal matters, outweighs the alleged necessity for the information sought (see CPLR 3101 [a]; *Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 747 [2000]; *Kavanagh v Ogden Allied Maintenance Corp.*, 92 NY2d 952, 954 [1998]). Balkin, J.P., Leventhal, Maltese and Barros, JJ., concur.