■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN ROSADO, Appellant. [4 NYS3d 21]—

Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered March 20, 2013, convicting defendant, after a jury trial, of burglary in the third degree, criminal possession of stolen property in the fifth degree, possession of burglar's tools and attempted petit larceny, and sentencing him, as a second felony offender, to an aggregate term of 2½ years to five years, unanimously modified, on the law, to the extent of vacating the burglary conviction and dismissing that count of the indictment, and otherwise affirmed.

The evidence was legally insufficient to establish defendant's knowledge that his entry was unlawful, which is an essential element of burglary (Penal Law § 140.20). During a weekday afternoon, defendant simply walked into the loading dock area of a commercial retail building, which contained no signs restricting access, and which received truck deliveries while

defendant was present. The area had a gate that was normally kept closed, but at the time of the incident it was in an open position while it was being repaired. However, there was nothing to indicate to the general public that the gate was normally closed and that entry was normally gained by way of a buzzer system. The evidence did not support a conclusion that the loading dock area was obviously or inherently a nonpublic place (*compare People v Barksdale*, 50 AD3d 400, 402 [1st Dept 2008] [pharmacy area of drugstores "unmistakably" nonpublic], *lv denied* 10 NY3d 932 [2008]; *see also People v White*, 250 AD2d 500 [1st Dept 1998], *lv denied* 92 NY2d 952 [1998]). Furthermore, defendant did not engage in any conduct that would warrant an inference that he was aware that his entry, as such, was unlawful, notwithstanding that the evidence established that he entered with the intent to steal property. Accordingly, the evidence did not establish the element of knowledge (*see Matter of Gregory W.*, 26 AD3d 221 [1st Dept 2006]).

In light of this determination, we find it unnecessary to reach any other issues relating specifically to the burglary conviction. Defendant's argument that the court should have made certain inquiries of the jury is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. Accordingly, there is no basis for ordering a new trial on the misdemeanor charges. Concur—Tom, J.P., Saxe, Manzanet-Daniels, Gische and Clark, JJ.