*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 7, 2016                    521261
_____

DONALD C. HAYES et al.,
                    Respondents,

        v
                                              MEMORANDUM AND ORDER

BETTE & CRING, LLC,
                    Appellant,
                    et al.,
                    Defendants.

(And a Third-Party Action.)
_____


Calendar Date:   November 16, 2015

Before:  McCarthy, J.P., Egan Jr., Rose, Lynch and Clark, JJ.

_____


        Napierski, VanDenburgh, Napierski & O'Connor, LLP, Albany
(Jennifer L. McGrath of counsel), for appellant.

        The Carey Firm, LLC, Grand Island (Dale J. Bauman of
counsel), for respondents.

_____


Lynch, J.

        Appeal from that part of an order of the Supreme Court
(Reynolds Fitzgerald, J.), entered April 13, 2015 in Broome
County, which denied a motion by defendant Bette & Cring, LLC to
compel plaintiff Donald C. Hayes to submit to an examination by a
vocational rehabilitation expert.

        Plaintiff Donald C. Hayes and his spouse, derivatively,
commenced this negligence and Labor Law §§ 200, 240 (1) and 241
(6) action to recover for damages resulting from injuries that
Hayes sustained when he allegedly fell while working as a roofer

on a construction project. Following joinder of issue and prior to plaintiffs filing a note of issue, defendant Bette & Cring, LLC (hereinafter defendant) moved to compel, among other things, Hayes to appear for an examination by a vocational rehabilitation expert. Supreme Court denied that part of the motion and defendant appeals.

Initially, and contrary to plaintiffs' argument, we find that, because the underlying order "affects a substantial right" — i.e., defendant's ability to prepare a defense — it is appealable as of right (CPLR 5701 [a] [2] [v]; see Bristol v Evans, 210 AD2d 850, 851 [1994]). Turning to the merits, CPLR 3101 "broadly mandates full disclosure of all matter material and necessary in the prosecution and defense of an action" (Kavanagh v Ogden Allied Maintenance Corp., 92 NY2d 952, 954 [1998] [internal quotation marks and citation omitted]). "The words 'material and necessary' as used in [CPLR] 3101 must 'be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity'" (Matter of Kapon v Koch, 23 NY3d 32, 38 [2014], quoting Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]; see American Assn. of Bioanalysts v New York State Dept. of Health, 12 AD3d 868, 869 [2004]). To properly exercise such discretion, a trial court must balance the need for discovery "against any special burden to be borne by the opposing party" (American Assn. of Bioanalysts v New York State Dept. of Health, 12 AD3d at 869 [internal quotation marks and citations omitted]). If the trial court has engaged in such balancing, its determination will not be disturbed in the absence of an abuse of discretion (see Kavanagh v Ogden Allied Maintenance Corp., 92 NY2d at 954; American Assn. of Bioanalysts v New York State Dept. of Health, 12 AD3d at 869).

Here, defendant sought to compel Hayes to submit to an examination before a vocational rehabilitation expert. While we previously held that there is "no statutory authority to compel the examination of an adverse party by a nonphysician vocational rehabilitation specialist" (Mooney v Osowiecky, 215 AD2d 839, 839 [1995]), the Court of Appeals has since confirmed that the mandate for broad disclosure is not necessarily limited by the

more specific provision of the CPLR that allows a defendant to demand that a plaintiff submit to a physical or mental examination "by a designated physician" (CPLR 3121 [a]) where his or her medical condition is at issue (see Kavanagh v Ogden Allied Maintenance Corp., 92 NY2d at 954). Accordingly, the circumstances of a case may allow such a demand even in the absence of express statutory authority (see id.; Young v Knickerbocker Arena, 281 AD2d 761, 762 [2001]). We agree with the conclusion reached by the other Departments that such circumstances are not limited to those cases where a plaintiff has retained a vocational rehabilitation expert to establish damages, although, generally, such testing "might well be unduly burdensome" (Kavanagh v Ogden Allied Maintenance Corp., 92 NY2d at 954; see Smith v Cardella Trucking Co., Inc., 113 AD3d 750, 750 [2014]; Allen v New York City Tr. Auth., 35 AD3d 230, 231 [2006]; Smith v Manning, 277 AD2d 1004, 1005 [2000]).

We recognize that Supreme Court relied upon our prior decision in Mooney v Osowiecky (215 AD2d 839 [1995]) in denying the motion to compel, but the ruling in that case should no longer be followed. Hayes placed his ability to work in controversy by claiming that, as a result of his injuries, he suffered loss of future wages and reduced earning capacity and by testifying at his examination before trial that his future career opportunities were limited (see Wilkerson v Korbl, 75 AD3d 470, 471 [2010]; Scotto v M.D. Carlisle Constr. Corp., 18 AD3d 459, 460 [2005]). Further, at the time of the demand, Hayes did not object or otherwise complain that he would be prejudiced or burdened by such examination and no note of issue had been filed. In our view, therefore, Hayes should be directed to appear before a vocational rehabilitation expert.

McCarthy, J.P., Egan Jr., Rose and Clark, JJ., concur.

ORDERED that the order is modified, on the law, with costs to defendant Bette & Cring, LLC, by reversing so much thereof as denied said defendant's motion to compel plaintiff Donald C. Hayes to submit to an examination by a vocational rehabilitation expert; said motion granted; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court