A.B. v Wright (2025 NY Slip Op 51907(U))

[*1]

A.B. v Wright

2025 NY Slip Op 51907(U)

Decided on December 3, 2025

Supreme Court, Erie County

Weinmann, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 3, 2025
Supreme Court, Erie County

A.B., an Infant, by and through her 
 Parent and Natural Guardian, Mary Elle Steeprock, Individually, Plaintiffs,

against
Christopher Wright, Kenmore-Town of Tonawanda School District, 
 Kenmore-Town of Tonawanda Board of Education, Benjamin Franklin Middle School, Defendants.
A.M. an Infant, by and through her Parent and Natural Guardian, Shakira Henley, Individually, Plaintiffs,
against
Christopher Wright, Kenmore-Town of Tonawanda School District, 
 Kenmore-Town of Tonawanda Board of Education, Benjamin Franklin Middle School, Defendants. 
A.M. an Infant, by and through her Parent and Natural Guardian, Pamela Ziemer, Individually, Plaintiffs,
against
Christopher Wright, Kenmore-Town of Tonawanda School District, 
 Kenmore-Town of Tonawanda Board of Education, Benjamin Franklin Middle School, Defendants.

Index No. 807477/2022

Cortney Alyssa Peterkin, Esq.
CANTOR, WOLFF, NICASTRO & HALL
Attorneys for Plaintiffs (all actions)
Robert J. Connor, Jr., Esq.
McGIVNEY, KLUGER CLARK & INTOCCIA, P.C.
Attorneys for Defendants (all actions)
Kenmore-Town of Tonawanda Union Free School District, Kenmore-Town of Tonawanda Board of Education, and Benjamin Franklin Middle School

Peter Allen Weinmann, J.

This case concerns three female 5th graders at a middle school in Tonawanda, New York, who sued the school and their gym teacher for sexual abuse, after the gym teacher allegedly placed his hands on plaintiffs' breasts over their clothes to demonstrate an exercise.
The issue at bar is whether plaintiffs (there are three plaintiffs, each alleging identical tortious conduct, and filing three separate lawsuits) may be allowed to subpoena the school to receive disciplinary records and any other documents of another student non-party (hereinafter denominated "AC") and any other student disciplined in connection with the gym teacher. The non-party student is alleged to have been disciplined by the school for disparaging the defendant gym teacher by calling him a "creep and a pervert" on social media before the alleged abuse against the three plaintiffs. Plaintiffs have alleged that the ostensible relevance of these records and documents is that they prove the gym teacher had a reputation as a "creep" and a "pervert" and that the school knew or should have known the risk in retaining the defendant gym teacher, assuming he would be interacting with the students, and that therefore they were negligent. Furthermore, as a matter of law, this information would refute the school's 7th affirmative defense that it "lacked notice or knowledge of the alleged actions of [their gym teacher] alleged to have assaulted the plaintiff . . . . " (NYCEF #6, page 5 of 6).[FN1]

Plaintiffs contend that CPLR 3101(a) broadly mandates "full disclosure of all matter 'material and necessary' in the prosecution or defense of an action" (See Kavanaugh v. Ogden Allied Maint. Corp., 92 NY2d 952 [1998]). Disclosure provisions are to be liberally construed, and trial courts have broad discretion in managing Discovery (Id., see also Am. Assoc. of Bioanalysts v. NYS Dept. of Health, 12 AD3d 868 [3d Dept. 2004]). In determining whether a school has breached its duty to provide adequate supervision in cases involving injuries to students, plaintiffs must demonstrate that the school had specific knowledge or notice of the dangerous conduct that led to the injury, and that the actions of third parties could have been reasonably anticipated (Mirand v. City of NY, 84 NY2d 44 [1994]).
The defendant school cites a different standard than "material and necessary," a standard propounded by FERPA, the "Family Educational Rights & Privacy Act" (20 USC 1232 [g]). As a threshold, claims defendant school, FERPA—being a federal statute—supersedes the New York Civil Practice Law and Rules (CPLR), because federal laws take priority over any conflicting state law pursuant to the US constitution's supremacy clause, Art. VI, paragraph two. This is a basic principle of constitutional law and our American system of federalism.
Next, argues the school, FERPA's standard for disclosure requires plaintiffs to demonstrate "a genuine need for the information that outweighs the privacy interests of the students" (Ragusa V. Malvern Union Free School District, 549 F. Supp. 2d 288 [EDNY 2008]).
Which standard is more rigorous is open to debate.
Lucky for the parties, court and counsel, there is a case directly on point, Washington v. City School District of Albany, 2012 NY Slip Op. 32462 (U), Sup. Ct. Albany County, Teresi, J.).
In that case a non-party fellow student allegedly injured plaintiff. Plaintiff sued the school district for negligence, alleging that the school failed to adequately monitor and/or supervise a known combative and assaultive student. The plaintiff then moved to have the school provide the disciplinary records of the allegedly combative non-party student, in order to demonstrate that the school had notice of the aggressive propensities of the fellow non-party student.
The Court found that in determining whether the duty to provide adequate supervision has been breached in the context of injuries caused within a school, "it must be established that school authorities had sufficient specific knowledge or notice of the dangerous conduct which caused injury, and the acts of third parties could reasonably have been anticipated," citing Mirand (supra).
The Court held that such records are indeed subject to FERPA (20 USC 1232 [g]), however, the statute is not violated when disclosure is furnished via a judicial order, citing Staten V. City of New York, 90 AD3d 893 [2d Dept. 2011].
Finally, noted the Court, CPLR 3126 authorizes a Court to fashion an appropriate remedy, the nature and degree of which is a matter committed to the Court's sound discretion, and will not be disturbed absent a clear abuse of the Court's discretion, citing Kumar v. Kumar, 63 AD3d 1246 [3d Dept. 2009].
Applying both the NY CPLR and FERPA standards to the facts at bar, this Court holds that the documents sought by plaintiff appear to be "material and necessary," while at the same time, advancing "a genuine need that outweighs the privacy interests of the non-party student," within certain parameters. This Court hereby fashions a two-step conditional process to enable review and possible disclosure of the material. First, the defendants are hereby required to supply the requested documents within 30 days of entry of the Order to the Court for an in camera review. If it appears from the Court's view that the documents are both material and relevant and the need outweighs the privacy interests of the students affected, then those documents shall be provided by the defendants to plaintiff with all students' names redacted. It is axiomatic that if the purpose of the disclosure is to prove the school's knowledge of the gym teacher's alleged inappropriate or tortious behavior, then the names of the students implicated is irrelevant to that knowledge.
Plaintiffs are to submit an Order on notice to opposing counsel and attach a copy of the oral argument transcript to the Order and Decision of the Court within 30 days. Additionally, the School is hereby directed within 10 days of entry to provide the entered copy of the Decision and Order to the mother of AC and any and all guardians or parents of students similarly situated.
SO ORDERED
Date December 3, 2025
Hon. Peter Allen Weinmann

Footnotes

Footnote 1:The defendant school's affirmative defense is that it lacked knowledge of the alleged November 18, 2021 incident, but plaintiff seeks documents categorically. If the alleged discipline of non- party student (AC) occurred after the alleged incident date of November 18, 2021, it would be irrelevant as an affirmative defense. The sought after documents can only be relevant to prove knowledge of "reputation" and therefore only relevant if they occurred prior to the alleged incident.