■ JOEL F. MONG et al., Individually and as Parents and Natural Guardians of EMILY E. MONG, an Infant, Respondents, v CHILDREN'S HOSPITAL OF BUFFALO, Appellant, et al., Defendant. [688 NYS2d 353] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly granted the motion of plaintiffs to compel a nurse employed by defendant, Children's Hospital of Buffalo (Hospital), to appear for a further deposi-

tion and to testify concerning conversations she had with her nurse manager and charge nurse concerning an incident at the Hospital involving plaintiffs' daughter. The Hospital failed to establish that the conversations were entitled to the exemption from disclosure provided in Public Health Law § 2805-m and Education Law § 6527 (3). The evidence submitted by the Hospital did not demonstrate that the conversations were held within the confines of its formal quality review procedure (*see, Crea v Newfane Inter-Community Mem. Hosp.,* 224 AD2d 976, 977; *see also, Loose v Penfield Volunteer Emergency Ambulance Serv.,* 222 AD2d 1080). The Hospital's reliance on *Logue v Velez* (92 NY2d 13) is misplaced. In that case, plaintiffs sought disclosure of a physician's application for privileges, which was submitted to the defendant hospital pursuant to Public Health Law § 2805-k (1). (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Discovery.) Present—Lawton, J. P., Hayes, Wisner, Pigott, Jr., and Callahan, JJ.