■ ROBERT M. BERNHOLC, Respondent, v ERIC. KITAIN et al., Appellants. [741 NYS2d 736] —In an action to recover damages for defamation, the defendants appeal (1) from an order of the Supreme Court, Nassau County (Parga, J.), dated December 21, 2000, which denied their motion pursuant to 22 NYCRR 216.1 and CPLR 3103 (a) to seal the record and prohibit the plaintiff from disclosing to any third party information relating to their internal peer review and quality management procedures, and (2), as limited by their brief, from so much of an order of the same court dated February 27, 2001, as, in effect, upon reargument, granted their motion for a protective and sealing order only to the extent of directing that exhibits 6, 7, 8, and 9 of the affirmation of Julie Barovich be sealed in the court record.

Ordered that the appeal from the order dated December 21, 2000, is dismissed, without costs or disbursements, as that order was superseded by the order dated February 27, 2001, made upon reargument; and it is further,

Ordered that the order dated February 27, 2001, is reversed insofar as appealed from, on the law, without costs or disbursements, the motion is granted in its entirety, and the order dated December 21, 2000 is vacated.

"The New York State Education Law shields from disclosure 'the proceedings [and] the records relating to performance of a medical or quality assurance review function or participation in a medical and dental malpractice prevention program' " (*Logue v Velez,* 92 NY2d 13, 16-17, quoting Education Law § 6527 [3]; *see also Katherine F. v State of New York,* 94 NY2d 200).

Further, Public Health Law § 2805-m confers complete confidentiality on information gathered by hospitals, such as reviews of a physician's competence, expressly exempting it from disclosure under CPLR article 31.

The defendants correctly contend that the Supreme Court erred in refusing to seal documents concerning the defendants' peer review and quality management procedures, as that information is not discoverable. Sealing the record herein ensures that the defendants may objectively analyze the quality of health services without fear of legal reprisals (see Logue v Velez, supra). S. Miller, J.P., Krausman, Goldstein and Cozier, JJ., concur. [See 186 Misc 2d 697.]