■ BRENDA L. POWERS et al., Appellants, v FAXTON HOSPITAL, Respondent, et al., Defendants. [803 NYS2d 871]—

Appeal from an order of the Supreme Court, Oneida County

(John G. Ringrose, A.J.), entered July 8, 2004. The order, inter alia, denied in part plaintiffs' cross motion for an order compelling defendant Faxton Hospital to produce certain records.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs contend that Supreme Court erred in denying that part of their cross motion seeking access to portions of the credentialing and privileging files of defendant Faxton Hospital (Hospital) concerning defendant Gary Gaines, M.D. We reject that contention. The record establishes that the Hospital obtained and maintained the information sought as part of its medical quality assessment and review process in compliance with Public Health Law §§ 2805-j and 2805-k, and thus the information is confidential and exempted from disclosure under CPLR article 31 pursuant to Education Law § 6527 (3) and Public Health Law § 2805-m (2) (*see Logue v Velez*, 92 NY2d 13, 18 [1998]; *Bernholc v Kitain*, 294 AD2d 387 [2002]). The court therefore properly denied that part of the cross motion seeking access to those portions of the credentialing and privileging files.

We also reject plaintiffs' contention that the court should have ordered an in camera review of the credentialing and privileging files at issue. Plaintiffs established no basis for an in camera review because there is no evidence that any part of the information sought is outside the protection of Education Law § 6527 (3) and Public Health Law § 2805-m (2) (*cf. Mong v Children's Hosp. of Buffalo*, 259 AD2d 1038 [1999]). Plaintiffs' further contention regarding the possible failure of the Hospital to comply with 45 CFR 60.10 and 60.11 is raised for the first time on appeal and thus is unpreserved for our review (*see generally Ring v Jones*, 13 AD3d 1078, 1079 [2004]; *Oram v Capone*, 206 AD2d 839, 840 [1994]).

We have considered plaintiffs' remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Hurlbutt, Gorski and Smith, JJ.