In this health-care whistleblower action, plaintiff, a second-year resident at defendant hospital, claims, inter alia, that defendant retaliated against her for complaining about patient *568 care, and ultimately terminated her employment. On January 29, 2009, the parties, by their attorneys, entered into a confidentiality agreement in order “to permit the discovery of information deemed confidential” and “preserve any privilege that may attach to a document produced pursuant to this Stipulation . . . against other parties.” The agreement defined confidential information as including information concerning the “performance of a medical or quality assurance review function” and patients’ medical conditions, and allowed the parties to designate information and deposition testimony as confidential. Confidential information was only to be disclosed to “Qualified Persons” and to be used only for this litigation, except as otherwise provided, and required that any papers filed with the court which contained confidential information be “filed under seal.” The agreement also provided a method by which a party could challenge the designation of information as confidential or disclose confidential information to another party.
Plaintiff now seeks to vacate the confidentiality agreement on the ground that her former counsel exceeded his authority by entering into the agreement. Plaintiff maintains that she only authorized her former attorney to enter into a confidentiality agreement relating to the medical or quality assurance analysis of a particular patient, and that she did not learn that he exceeded this authority until February 2010. Regardless, plaintiff is still bound by the agreement as her former attorney entered into the same with “apparent authority” (see Hallock v State of New York, 64 NY2d 224, 231-232 [1984]). At the time that her attorney entered into the confidentiality agreement, he had already been representing plaintiff for several months, during which time he had filed an amended complaint, entered into a preliminary conference order, served discovery demands, and discussed confidentiality designations with defense counsel and plaintiff. Such conduct clothed plaintiffs former counsel in apparent authority to enter into the subject stipulation, which involved a “procedural or tactical decision[ ]” in the management of litigation (id. at 230).
Moreover, plaintiffs failure to move to vacate the confidentiality agreement for over three years after learning of its existence, and for more than nine months after being told by the court below of the need for such a motion in order to disavow the effects of the agreement, estops her from denying her obligations thereunder (see Hallock at 230-231; Matter of Silicone Breast Implant Litig., 306 AD2d 82, 85 [1st Dept 2003]; 1420 Concourse Corp. v Cruz, 175 AD2d 747, 749-750 [1st Dept 1991]).
*569 The court properly continued a prior temporary restraining order which prevented plaintiff from disseminating information produced during discovery which had been designated by defendant as confidential or privileged and issued a sealing order herein. In addition to being protected from disclosure to third parties by the confidentiality agreement, the information at issue implicated the protections of Education Law § 6527 (3) and Public Health Law § 2805-m, to the extent that it related to a medical or a quality assurance review function (see Logue v Velez, 92 NY2d 13, 16-17 [1998]; Bernholc v Kitain, 294 AD2d 387, 388 [2d Dept 2002]).
We have considered plaintiffs remaining arguments and find them unavailing. Concur — Gonzalez, P.J., Friedman, Renwick, Freedman and Richter, JJ.