## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  January 5, 2017                    522197
_____

DONNA DICOSTANZO,
                    Appellant,
        v                                MEMORANDUM AND ORDER

DAVID A. SCHWED et al.,
                    Respondents.
_____

Calendar Date:  November 21, 2016

Before:  McCarthy, J.P., Lynch, Rose, Clark and Aarons, JJ.

_____

        Edward E. Kopko, Lawyer, P.C., Ithaca (Edward E. Kopko of counsel), for appellant.

        Aswad & Ingraham, Binghamton (Mary E. Saitta of counsel), for David A. Schwed and another, respondents.

        Levene, Gouldin & Thompson, LLP, Binghamton (Elizabeth A. Monachino of counsel), for Cayuga Medical Center at Ithaca, respondent.

_____

Clark, J.

        Appeal from an order of the Supreme Court (Mulvey, J.), entered September 8, 2015 in Tompkins County, which, among other things, granted defendants' motions to strike plaintiff's request for production of documents.

        Plaintiff commenced this action sounding in, among other things, medical malpractice to recover damages for injuries that she allegedly sustained as a result of a laparoscopic sigmoid colectomy performed by defendant David A. Schwed.  Shortly after commencing this action, plaintiff served upon defendants a first request for production of, among other things, documents.

Defendant Cayuga Medical Center at Ithaca (hereinafter CMC) objected to plaintiff's production request in its entirety and subsequently moved for a protective order vacating plaintiff's request on the basis that most of the 190 demands made by plaintiff were overly broad, burdensome, immaterial, duplicative or otherwise improper (see CPLR 3103). Schwed, along with defendant Surgical Associates of Ithaca, P.C., similarly objected to certain of plaintiff's production demands and independently moved for a protective order sustaining those objections. Plaintiff then cross-moved to compel defendants' production of the requested items (see CPLR 3124). Supreme Court granted defendants' motions, denied plaintiff's cross motion and vacated plaintiff's first request for production of, among other things, documents, thereby prompting this appeal by plaintiff.

We affirm. Contrary to plaintiff's contention, Supreme Court did not abuse its discretion in issuing a protective order. CPLR 3101 "broadly mandates full disclosure of all matter material and necessary in the prosecution or defense of an action" (Kavanagh v Ogden Allied Maintenance Corp., 92 NY2d 952, 954 [1998]; see Hayes v Bette & Cring, LLC, 135 AD3d 1058, 1059 [2016]; Wiggins v Kopko, 105 AD3d 1132, 1134 [2013]). A trial court, however, has broad discretion in supervising disclosure and may, on its own initiative or on the motion of a party, issue "a protective order denying, limiting, conditioning or regulating the use of any disclosure device" so as "to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts" (CPLR 3103 [a]; see Casey v Prudential Sec., 268 AD2d 833, 834 [2000]; MacKinnon v MacKinnon, 245 AD2d 690, 691 [1997]). "[A]bsent an abuse of discretion or unreasonable interference with the disclosure of relevant and necessary material[,]" this Court will not disturb a trial court's determination regulating disclosure (Czarnecki v Welch, 23 AD3d 914, 915 [2005]; see Deep v Boies, 121 AD3d 1316, 1322 [2014], lv denied 25 NY3d 903 [2015]; Mora v RGB, Inc., 17 AD3d 849, 851 [2005]).

Initially, we note that a majority of plaintiff's production demands were not adequately limited in time, as many sought information spanning over two decades, and they were not limited to only those items relevant to the particular claims

asserted against defendants.  In addition, several of plaintiff's
demands were duplicative or unduly vague or overly broad.
Furthermore, many of plaintiff's requests sought information that
is privileged under Education Law § 6527 (3) and Public Health
Law § 2805-m (2), provisions that "safeguard information
collected as part of a medical review committee's periodic
assessment of physicians' credentials and competence in order to
encourage frank and objective discussion during the credentialing
process" (Stalker v Abraham, 69 AD3d 1172, 1173 [2010]; see Logue
v Velez, 92 NY2d 13, 17 [1998]).  Specifically, the Education Law
"shields from disclosure 'the proceedings [and] the records
relating to performance of a medical or a quality assurance
review function or participation in a medical and dental
malpractice prevention program [and] any report required by the
department of health" (Kivlehan v Waltner, 36 AD3d 597, 598
[2007], quoting Education Law § 6527 [3]; see Logue v Velez, 92
NY2d at 16-17).  "'Public Health Law § 2805-m confers complete
confidentiality on information gathered by a hospital in
accordance with Public Health Law §§ 2805-j and 2805-k, expressly
exempting it from disclosure under CPLR article 31'" (Stalker v
Abraham, 69 AD3d at 1173, quoting Logue v Velez, 92 NY2d at 17).

        As the party seeking to invoke the Education Law privilege,
CMC bore the burden of establishing its applicability by
demonstrating that it had a review procedure in place and that
the information sought was obtained or maintained in accordance
with that procedure (see Bluth v Albany Med. Ctr., 132 AD3d 1131,
1132 [2015]; Fernekes v Catskill Regional Med. Ctr., 75 AD3d 959,
960 [2010]; Marten v Eden Park Health Servs., 250 AD2d 44, 46-47
[1998]).  CMC satisfied this burden by proffering the affidavits
of its vice-president for medical affairs and the chair of its
physician peer review committee, which together demonstrated that
CMC had established a peer review program, credentialing program
and a program for the identification and prevention of medical
malpractice pursuant to Public Health Law §§ 2805-j and 2805-k
and Education Law § 6527.  The affidavits further established
that CMC maintained Schwed's peer review file and credentials
file, which included his licensing and continuing medical
education certificates, his board certification documents and any
judgments or settlements of medical malpractice actions, in
accordance with these programs.

While plaintiff asserts that the applicability of Education Law § 6527 (3) and Public Health Law § 2805-m (2) was limited to her medical malpractice claims and that the privilege did not apply to her claims against CMC for its allegedly deceptive business practices, false advertising and negligent credentialing of Schwed, such assertion is without merit.  It is evident from the plain language of the statutes that the privilege extends to all civil causes of action, not just medical malpractice claims (see Education Law § 6527 [3]; Public Health Law § 2805-m [2]). Moreover, to allow plaintiff to "circumvent the confidentiality provisions of Education Law § 6527 (3) and article 28 of the Public Health Law by the simple device of asserting a claim against [CMC] for negligent credentialing," deceptive business practices or false advertising would undermine the policy underlying those statutes – "to encourage thorough and candid peer review of physicians, and thereby improve the quality of medical care" (Logue v Velez, 92 NY2d at 17, 19; see Stalker v Abraham, 69 AD3d at 1173-1174).  Finally, despite plaintiff's request that some of the allegedly privileged material be reviewed by Supreme Court in camera, there was "no basis for an in camera review because there [was] no evidence that any part of the information sought [was] outside the protection of Education Law § 6527 (3) and Public Health Law § 2805-m (2)" (Powers v Faxton Hosp., 23 AD3d 1105, 1106 [2005]).

In short, where, as here, a majority of the disclosure demands were overbroad, duplicative, immaterial or improper, a trial court may vacate, rather than prune, the entire demand (see Berkowitz v 29 Woodmere Blvd. Owners', Inc., 135 AD3d 798, 799 [2016]; Ural v Encompass Ins. Co. of Am., 97 AD3d 562, 566 [2012]; Bell v Cobble Hill Health Ctr., Inc., 22 AD3d 620, 621 [2005]; Payne v Enable Software, 229 AD2d 880, 882 [1996]). Accordingly, as we discern no abuse of discretion on the part of Supreme Court, we decline to disturb its determination to issue a protective order vacating plaintiff's first request for production of, among other things, documents.

McCarthy, J.P., Lynch, Rose and Aarons, JJ., concur.


ORDERED that the order is affirmed, with one bill of costs.




ENTER:

Robert D. Mayberger
Clerk of the Court