■ In the Matter of JULIE E. PASEK, as Power of Attorney for JAMES G. PASEK, Appellant, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [56 NYS3d 627]—

Devine, J. Appeal from a judgment of the Supreme Court (McGrath, J.), entered January 12, 2016 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Records Access Appeals Officer partially denying petitioner's Freedom of Information Law request.

Petitioner is the wife and attorney-in-fact of James G. Pasek, who was admitted to Mercy Hospital of Buffalo for mitral valve repair surgery in February 2014. Complications ensued during the hospitalization that caused Pasek to go into cardiac arrest, required emergency surgery and left him with permanent physical and cognitive impairments. Petitioner complained to respondent Department of Health (hereinafter DOH) and requested that it investigate what had occurred. DOH did so and, in December 2014, advised petitioner that it had cited the hospital for failing to inform Pasek or his family of "the unintentional disconnection of [heart-lung machine] tubing" while he was en route to the operating room for emergency surgery.

Pursuant to the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]), counsel for Pasek requested that DOH provide "all materials compiled" in the course of its investigation. DOH responded by releasing some documents with redactions and refusing to release others, asserting that the withheld material was exempt from disclosure. Upon administrative appeal, respondent Records Access Appeals Officer upheld the determination. Petitioner commenced this CPLR article 78 proceeding and sought, among other things, the release of the withheld material. Supreme Court determined that the petition was moot with regard to material disclosed during the course of litigation and otherwise dismissed it. Petitioner now appeals.

Petitioner seeks documents prepared in the course of the DOH investigation into the hospital's treatment of Pasek, namely, an unredacted statement of deficiencies and plan of correction, an unredacted ACTS complaint/incident investigation report and an undisclosed summary of professional analysis of care prepared for DOH by an independent medical consultant.[1] Those documents must be disclosed under FOIL unless one of the exceptions set forth in Public Officers Law

1. Supreme Court observed that respondents provided petitioner with a copy of the statement of deficiencies and plan of correction containing a

§ 87 (2) applies, and the burden rests upon respondents to show that such is the case (*see Matter of Town of Waterford v New York State Dept. of Envtl. Conservation*, 18 NY3d 652, 657 [2012]; *Matter of McFadden v Fonda*, 148 AD3d 1430, 1432 [2017]). Respondents claim that much of the redacted information is "specifically exempted from disclosure by state or federal statute" (Public Officers Law § 87 [2] [a]). They assert that the remainder falls within the intra-agency exception, designed "to allow individuals within an agency to exchange their views freely, as part of the deliberative process, without the concern that those ideas will become public" (*Matter of Town of Waterford v New York State Dept. of Envtl. Conservation*, 18 NY3d at 658; *see* Public Officers Law § 87 [2] [g]).

With regard to statutory exemptions from disclosure, Education Law § 6527 is cited by respondents, but that statute only shields records from discovery in civil actions under CPLR article 31 and does not protect them from a FOIL request (*see* Education Law § 6527 [3]; *Matter of Mental Hygiene Legal Serv. v Maul*, 36 AD3d 1133, 1134-1135 [2007], *lv denied* 8 NY3d 812 [2007]; *Matter of St. Elizabeth's Hosp. v State Bd. of Professional Med. Conduct, Dept. of Health of State of N.Y.*, 174 AD2d 225, 229-230 [1992]; *see generally Matter of M. Farbman & Sons v New York City Health & Hosps. Corp.*, 62 NY2d 75, 81 [1984]). Public Health Law § 2805-m presents more fertile ground for respondents, however, "confer[ring] complete confidentiality on information gathered by a hospital" for quality assurance and credentialing purposes (*Logue v Velez*, 92 NY2d 13, 17 [1998]; *see* Public Health Law §§ 2805-j, 2805-k, 2805-l; *DiCostanzo v Schwed*, 146 AD3d 1044, 1046 [2017]) and making clear that it is not "subject to disclosure under [FOIL], except as hereinafter provided or as provided by any other provision of law" (Public Health Law § 2805-m [2]).

Respondents demonstrated that Public Health Law § 2805-m applied through the affidavit of DOH's Acting Records Access Officer, who detailed the investigative process and explained how the statement of deficiencies and plan of correction, as well as the ACTS complaint/incident investigation report, incorporated information collected by the hospital for quality assurance purposes. Our in camera review of those documents confirms that her explanation was accurate. The redactions were therefore proper insofar as they related to quality assurance information and, "[h]aving found a specific guarantee of

---

complete statement of deficiencies, and any challenges to the failure to provide that portion of the document earlier are academic (*see Matter of Fappiano v New York City Police Dept.*, 95 NY2d 738, 749 [2001]).

confidentiality, the privileged information and material is not subject to release or disclosure no matter how strong the showing of need or relevancy" (*Matter of Albany Med. Ctr. Hosp. v Denis*, 161 AD2d 1030, 1031 [1990]; *see Stalker v Abraham*, 69 AD3d 1172, 1174-1175 [2010]).[2]

That being said, the redacted portions of investigative notes contained in the ACTS complaint/accident investigation report also include a summary of petitioner's complaint and facts referring to hospital records with no obvious connection to quality assurance goals. This purely factual information did not, contrary to respondents' assertion, fall within an intra-agency exemption designed "to safeguard internal government consultations and deliberations" (*Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 276 [1996]; *see* Public Officers Law § 87 [2] [g] [i]; *Matter of Humane Socy. of U.S. v Empire State Dev. Corp.*, 53 AD3d 1013, 1018 [2008], *lv denied* 12 NY3d 701 [2009]). The sections of the investigative notes labeled "Allegation #1" and "Findings" were improperly redacted and must be disclosed. Another redacted portion of the report restated the text of the letter sent to petitioner alerting her to the outcome of the investigation, and there is no apparent reason for those portions to be withheld.

Respondents lastly claim that the independent consultant's report—and, by extension, the discussion of it in the ACTS complaint/incident investigation report—is exempt from disclosure as predecisional intra-agency material designed to assist the decision maker in arriving at his or her decision. After reviewing the contents of that report in camera, we agree that the report is exempt but for the first paragraph describing the medical treatment that was thereafter analyzed (*see* Public Officers Law § 87 [2] [g]; *Matter of Xerox Corp. v Town of Webster*, 65 NY2d 131, 132-133 [1985]; *Matter of Sawma v Collins*, 93 AD3d 1248, 1249 [2012]). The first paragraph, as such, must be disclosed. To the extent they have not already been addressed, petitioner's arguments have been examined and found to lack merit.

McCarthy, J.P., Egan Jr., Rose and Clark, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed that part of the petition seeking (1) unredacted portions of the ACTS

---

2. Petitioner asserts that the patients' bill of rights somehow overrides this statutory exemption from FOIL. It suffices to say that the bill of rights directs "[t]he hospital [to] afford" certain rights to a patient and has no applicability to a FOIL request directed toward respondents (10 NYCRR 405.7 [b]; *see* Public Health Law § 2803-c [2]).

complaint/accident investigative report with respect to (a) investigative notes labeled "Allegation #1" and "Findings" and (b) the text of a letter sent to petitioner as more fully described in this decision, and (2) found that the first paragraph of the independent consultant's report and the discussion thereof in the ACTS complaint/incident investigative report was exempt from disclosure; petition granted to said extent; and, as so modified, affirmed.