■ SARAH MILLER et al., Appellants, v USHA SAHA, Respondent, et al., Defendant. [56 NYS3d 655]—

---

Rose, J. Appeal from an order of the Supreme Court (Muller, J.), entered February 12, 2016 in Clinton County, which, among other things, granted defendant Usha Saha's motion for a protective order.

Plaintiff Sarah Miller and her husband, derivatively, commenced this medical malpractice action to recover for injuries that Miller allegedly sustained as a result of defendants' medical care. Following joinder of issue, plaintiffs served defendant Usha Saha with a notice to take her oral deposition by stenographic means. In May 2015, Saha's deposition commenced, but was unable to be finished in one day, resulting in the parties agreeing to adjourn the deposition to a later date (*see* CPLR 3113 [b]). Plaintiffs thereafter provided a second notice to Saha, this time indicating that they intended to videotape the remainder of her deposition testimony (*see* 22 NYCRR 202.15 [c]). Although the second notice was received by Saha's attorney, he overlooked the change in the method of taking the deposition. Thus, when the deposition recommenced in December 2015, Saha learned for the first time of plaintiffs' intent to videotape her testimony. As a result, she objected to being videotaped and refused to proceed. She then moved for a protective order pursuant to CPLR 3103 and plaintiffs cross-moved to, among other things, compel the videotaping of the remainder of Saha's deposition testimony. Plaintiffs argued that videotaping was necessary because Saha's May 2015 deposition testimony was allegedly difficult to understand given that she speaks softly and with an Indian accent. Ultimately, Supreme Court granted Saha's motion, but ordered Saha to pay $1,143.75 to plaintiffs, representing the costs associated with the aborted December 2015 deposition. Plaintiffs now appeal.

It is well settled that a trial court "is vested with broad discretion in controlling discovery and disclosure, and generally its determinations will not be disturbed in the absence of a clear abuse of discretion" (*Seale v Seale*, 149 AD3d 1164, 1165 [2017] [internal quotation marks and citations omitted]; *see DiCostanzo v Schwed*, 146 AD3d 1044, 1045 [2017]; *Cooper v McInnes*, 112 AD3d 1120, 1120-1121 [2013]; *Mokay v Mokay*, 111 AD3d 1175, 1177 [2013]). Here, our review of the 130-page transcript of Saha's May 2015 deposition testimony fully supports Supreme Court's finding that there is scant evidence that plaintiffs had difficulty understanding Saha's answers or that the stenographer was unable to accurately transcribe Saha's responses to plaintiffs' questioning. No questions went

unanswered and there were only a few instances where plaintiffs asked Saha to repeat a particular answer because they either did not hear or understand her response. In view of this, coupled with the fact that only a portion, as opposed to the entirety, of her deposition testimony was to be videotaped, we are unpersuaded that Supreme Court abused its discretion in granting Saha's motion for a protective order. Nor did Saha's failure to object to the videotaping within three days after receiving plaintiffs' notice preclude Supreme Court from exercising its broad discretionary power to issue a protective order (*compare* CPLR 3112 *with* CPLR 3103 [a]).

Garry, J.P., Lynch, Mulvey and Aarons, JJ., concur. Ordered that the order is affirmed, with costs. 