Pasek v Catholic Health Sys., Inc. (2018 NY Slip Op 02069)





Pasek v Catholic Health Sys., Inc.


2018 NY Slip Op 02069


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


287 CA 17-01850

[*1]JULIE E. PASEK, INDIVIDUALLY AND AS POWER OF ATTORNEY FOR JAMES G. PASEK, PLAINTIFF-APPELLANT,
v
CATHOLIC HEALTH SYSTEM, INC., MERCY HOSPITAL OF BUFFALO, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. 






BROWN CHIARI LLP, BUFFALO (ANGELO S. GAMBINO OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
HARRIS BEACH PLLC, BUFFALO (ADAM M. LYNCH OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered January 17, 2017. The order denied the motion of plaintiff to compel certain disclosure. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff, individually and as power of attorney for her husband, James G. Pasek (Pasek), commenced this medical malpractice action seeking damages for injuries sustained by Pasek, who was admitted to Mercy Hospital of Buffalo (defendant) for mitral valve repair surgery in February 2014. Complications ensued during the hospitalization that caused Pasek to go into cardiac arrest, which required emergency surgery and resulted in permanent physical and cognitive impairments. Plaintiff sought an investigation by the Department of Health (DOH), and plaintiff was thereafter advised by the DOH that it had cited defendant "for failing to inform Pasek or his family of the unintentional disconnection of [heart-lung machine] tubing' while he was en route to the operating room for emergency surgery" (Matter of Pasek v New York State Dept. of Health, 151 AD3d 1250, 1251 [3d Dept 2017]). Plaintiff thereafter moved to compel defendant to produce any reports pertaining to the incident.
We conclude that Supreme Court, following an in camera review, did not abuse its discretion in denying plaintiff's motion with respect to disclosure of the document at issue, entitled "occurrence event summary report" (hereafter, report) (see generally Voss v Duchmann, 129 AD3d 1697, 1698 [4th Dept 2015]). Defendant met its burden of establishing that the information contained in the report was " generated in connection with a quality assurance review function pursuant to Education Law § 6527 (3) or a malpractice prevention program pursuant to Public Health Law § 2805-j' " (Learned v Faxton-St. Luke's Healthcare, 70 AD3d 1398, 1399 [4th Dept 2010]). Thus, the information contained in the report is expressly exempted from disclosure under CPLR article 31 pursuant to the confidentiality conferred on information gathered by defendant in accordance with Education Law § 6527 (3) and Public Health Law § 2805-m (see DiCostanzo v Schwed, 146 AD3d 1044, 1045-1046 [3d Dept 2017]; Kivlehan v Waltner, 36 AD3d 597, 599 [2d Dept 2007]; Powers v Faxton Hosp., 23 AD3d 1105, 1106 [4th Dept 2005]). Contrary to plaintiff's contention that the privilege is "negated" because the report purportedly contains information that was improperly omitted from Pasek's medical records, it is well settled that "information which is privileged is not subject to disclosure no matter how strong the showing of need or relevancy" (Lilly v Turecki, 112 AD2d 788, 789 [4th Dept 1985]; see Cirale v 80 Pine St. Corp., 35 NY2d 113, 117-118 [1974]). Indeed, the purpose of the privilege "is to enhance the objectivity of the review process' and to assure that medical review [or quality assurance] committees may frankly and objectively analyze the quality of [*2]health services rendered' by hospitals . . . , and thereby improve the quality of medical care" (Logue v Velez, 92 NY2d 13, 17 [1998]; see Lilly, 112 AD2d at 788).
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court