Jones v Memorial Sloan Kettering Cancer Ctr. (2020 NY Slip Op 05104)





Jones v Memorial Sloan Kettering Cancer Ctr.


2020 NY Slip Op 05104


Decided on September 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 24, 2020

529579

[*1]Wendy Jones et al., Appellants,
v
Memorial Sloan Kettering Cancer Center et al., Respondents.

Calendar Date: August 20, 2020

Before: Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


Poissant, Nichols, Grue, Vanier & Babbie, PC, Malone (Stephen A. Vanier of counsel), for appellants.
Kaufman Borgeest & Ryan, LLP, Valhalla (Rebecca A. Barrett of counsel), for respondents.



Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Ellis, J.), entered May 21, 2019 in Franklin County, which, among other things, granted defendants' motion for a protective order.
Defendant Colleen McCarthy is a physician employed by Memorial Hospital for Cancer and Allied Diseases, sued herein as defendant Memorial Sloan Kettering Cancer Center, which is located in New York County. Plaintiffs commenced this medical malpractice action in Franklin County in 2016 contending that McCarthy utilized the wrong breast implant during breast reconstruction surgery causing plaintiff Wendy Jones to suffer severe disfigurement and emotional distress. In March 2019, defendants moved, pursuant to CPLR 3103 (a) and 3110 (1), for a protective order directing plaintiffs to conduct defendants' deposition in New York County. Plaintiffs cross-moved for, among other things, an order compelling defendants to appear for depositions in Franklin County. Supreme Court granted defendants' motion and directed that depositions of defendants occur in New York County. Plaintiffs appeal.
A trial court may "issue a protective order . . . regulating the use of any disclosure device 'to prevent unreasonable annoyance, expense . . . disadvantage, or other prejudice to any person or the courts'" (DiCostanzo v Schwed, 146 AD3d 1044, 1045 [2017], quoting CPLR 3103 [a]). The deposition of a party will generally occur within the county where the action is pending, unless a party demonstrates that conducting his or her deposition in that county will cause undue hardship (see CPLR 3110 [1]; Gartner v Unified Windows, Doors & Siding, Inc., 68 AD3d 815, 815 [2009]). "[T]he trial court is afforded broad discretion in supervising disclosure and its determinations will not be disturbed unless that discretion has been clearly abused" (Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008] [internal quotation marks and citation omitted]; see Herbenson v Carrols Corp., 101 AD3d 1220, 1221 [2012]).
The record discloses that plaintiffs sought to depose McCarthy and other hospital representatives who were present for Jones' surgery — currently four individuals. Defendants argued that McCarthy provides surgeries often in conjunction with other surgeons and, as such, disrupting her surgical availability impacts patients. They further point out that since Franklin County is approximately 350 miles from New York County and the depositions are expected to last three days, requiring the depositions to take place in Franklin County will necessarily result in patient appointments being either canceled or rescheduled. Plaintiffs' only opposition to defendants' motion was that defendants did not object to being deposed in Franklin County for over a year and a half.
Supreme Court appropriately weighed the parties' competing interests (see American Assn. of Bioanalysts v New York State Dept. of Health, 12 AD3d 868, 869 [2004]; Willis v Cassia, 255 AD2d 800, 801 [1998]). As relevant here, plaintiffs have already been deposed in Franklin County. Plaintiffs seek to depose several physicians and a physician assistant who provide medical care to cancer patients, as well as a physician assistant student. Supreme Court acknowledged that it is not 100% certain that defendants' patients will be adversely affected, but that it appears very likely. We note that having the depositions in New York County outweighs any prejudice to plaintiffs and will result in greater efficiency. In these circumstances, "we are unpersuaded that Supreme Court [clearly] abused its discretion in granting [defendants'] motion for a protective order" (Miller v Saha, 151 AD3d 1316, 1318 [2017]; see DiCostanzo v Schwed, 146 AD3d at 1045).[FN1]
Plaintiffs' remaining contentions that defendants' motion was facially deficient and speculative are unpreserved as they were raised for the first time on appeal (see Matter of Jones v Servisair LLC, 180 AD3d 1313, 1315 [2020]; People ex rel. McCray v Favro, 178 AD3d 1241, 1242 [2019]).
Garry, P.J., Lynch, Aarons and Colangelo, JJ., concur.
ORDERED the order is affirmed, with costs.



Footnotes

Footnote 1: We cannot help but take note that if the COVID-19 pandemic has proved anything, it is the usefulness (if not preferability) of conducting matters via video. Although the appeal was pending long before the present pandemic environment, we would be remiss in not mentioning this possibility.