**Dailey v VRNC, LLC**

2025 NY Slip Op 30919(U)

March 21, 2025

Supreme Court, Broome County

Docket Number: Index No. EFCA2022001885

Judge: Eugene D. Faughnan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

PRESENT:    HON. EUGENE D. FAUGHNAN
                     Justice Presiding

STATE OF NEW YORK
SUPREME COURT: COUNTY OF BROOME

---

MICHAEL E. DAILEY, as Executor of The Estate of
SHIRLEY W. DAILEY, deceased,

                                Plaintiff,

      v.

VRNC, LLC d/b/a VESTAL PARK REHABILITATION
AND NURSING CENTER, MADHUKAR
BHOOMIREDDI, M.D., OUR LADY OF LOURDES
MEMORIAL HOSPITAL, INC., and ASCENSION
HEALTH-IS, INC. d/b/a ASCENSION HEALTH SENIOR
CARE d/b/a LOURDES SENIOR CARE f/k/a LOURDES
GERIATRICS,

                         Defendants.

DECISION AND ORDER

Index No. EFCA2022001885

---

APPEARANCES:

Counsel for Plaintiff:               Coughlin & Gerhart, LLP
                                      BY: SAMUEL M. BLAKLEY, ESQ.
                                      99 Corporate Drive
                                      Binghamton, NY 13904

Counsel for Defendant
VRNC, LLC d/b/a Vestal Park        Kaufman, Borgeest & Ryan, LLP
Rehabilitation and Nursing Center:    BY: PATRICK DOLAN, ESQ.
                                      200 Summit Lake Drive
                                      Valhalla, NY 10595

Counsel for Defendants             Stillwell Visco
Madhukar Bhoomireddi, MD,       BY: JOHN M. VISCO, ESQ.
Our Lady of Lourdes Memorial      The Liberty Building
Hospital, Inc. et al.                424 Main Street, Suite 1825
                                        Buffalo, NY 14202

1

**EUGENE D. FAUGHNAN, J.S.C.**

This matter is before the Court to address a discovery motion filed by Plaintiff Michael Dailey to compel certain disclosure. Defendant VRNC, LLC d/b/a Vestal Park Rehabilitation and Nursing Center ("Vestal Park") filed opposition to the motion. Thereafter, Plaintiff filed reply papers in further support of the motion. After due deliberation, this Decision and Order constitutes the determination of this Court.[1]

## BACKGROUND FACTS

Michael Dailey is the Executor of the Estate of Shirley W. Dailey, who passed away on October 30, 2020. On October 8, 2020, Shirley suffered a fall at home and was taken to Lourdes Hospital, where x-rays were obtained and did not reveal any fractures. However, she was diagnosed with a urinary tract infection and was admitted to the hospital. She was released from the hospital on October 14, 2020, but sent to Vestal Park for additional strengthening prior to being permitted to return home. Shirley was a patient/resident of Vestal Park from October 14, 2020 to October 21, 2020. She was identified as a high risk for falls due to the medications she was taking and her prior fall history. Plaintiff alleges that decedent suffered at least three falls while at Vestal Park resulting in hip fractures, and that she underwent surgical intervention on October 23, 2020. Following the surgery, her health dramatically worsened, culminating in her demise.

Plaintiff filed a Summons and Complaint on October 3, 2022 with three separate causes of action. The first two causes, against all the Defendants, are for negligence and wrongful death; the third cause of action is against Vestal Park, based on violations of Public Health Law. All Defendants have filed Answers and the parties have engaged in discovery. In September 2023, Plaintiff's counsel informed the Court of a discovery dispute related to demands sent to Vestal Park covering three categories of information: the employment status of various medical providers, information concerning medical equipment utilized in the care of the decedent while a patient at Vestal Park, and unredacted versions of incident reports. The Court held conferences with the attorneys on December 12, 2023 and May 20, 2024 to discuss

---

[1] All the papers filed in connection with the motion are included in the NYSCEF electronic case file, and have been considered by the Court.

discovery issues. At the December 2023 conference, the Court instructed Vestal Park to provide the unredacted incident reports for an *in camera* review. The Court did review the unredacted incident reports, and preliminarily declined to direct production of the unredacted reports to Plaintiff. Following the May 20, 2024 conference, the Court granted Plaintiff leave to file a motion to compel if a resolution of the discovery disputes could not be resolved.

Plaintiff filed this motion, which consisted of an Attorney Affirmation of Samuel M. Blakley, Esq. with attached Exhibits "A" through "I", as well as a Memorandum of Law. Plaintiff specifically identified the following disclosure still being sought:

> (1) the production for discovery and inspection by the Plaintiffs full and unredacted copies of the October 21, 2020 Employee Statement – Accident – Incident Report and October 22, 2020 Investigation Summary Form, (2) the production for discovery and inspection by the Plaintiffs information requested regarding the beds utilized by Shirley Dailey, (3) the production for discovery and inspection by the Plaintiffs information requested regarding the wheel chair utilized by Shirley Dailey, (4) the production for discovery and inspection by the Plaintiffs information requested regarding the footwear provided to Shirley Dailey, (5) the production for discovery and inspection by the Plaintiffs information requested regarding walkers and/or devices utilized to assist walking provided to Shirley Dailey, (6) the production for discovery and inspection by the Plaintiffs information requested regarding call bells provided to Shirley Dailey, and (7) the production discovery and inspection by the Plaintiffs information requested regarding any Dycem product provided to Shirley Dailey.

Affirmation of Samuel M. Blakley, Esq., dated September 13, 2024 at pp.1-2 (Doc. No. 30).

In opposition, counsel for Vestal Park filed an affirmation of Lindsey G. Nourse, Esq., dated November 12, 2024, with Exhibits "A" and "B".[2] Defendant maintained that Plaintiff was not entitled to unredacted incident reports, and advised that it had recently supplied responses to Plaintiff's points 2 through 7. Plaintiff then filed an affirmation in Reply.

## LEGAL DISCUSSION AND ANALYSIS

CPLR 3101 (a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." The Court of Appeals has noted that "[t]he words, 'material and necessary', are . . . to be interpreted

---

[2] Vestal Park's counsel acknowledges that the opposition papers were filed late, but she believed that the Court's Third Amended Scheduling Order (issued following a Court conference on October 2, 2024) indicated that the Court would be scheduling another conference before allowing Plaintiff's discovery motion to proceed. In light of the circumstances, the Court will accept and consider Defendant's opposition papers.

3

[* 3]

liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason." *Forman v. Henkin*, 30 NY3d 656, 661 (2018), *quoting Allen v. Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 (1968); *County of Warren v. Swan*, 203 AD3d 1504 (3rd Dept. 2022); *Siegel v. Snyder*, 202 AD3d 125 (2nd Dept. 2021); *Loiselle v. Progressive Cas. Ins. Co.*, 190 AD3d 17, 19 (3rd Dept. 2020). It is well established that the "statute embodies the policy determination that liberal discovery encourages fair and effective resolution of disputes on the merits, minimizing the possibility for ambush and unfair surprise." *Spectrum Systems Int'l Corp. v. Chemical Bank*, 78 NY2d 371, 376 (1991); *see Galasso v. Cobleskill Stone Prods., Inc.*, 169 AD3d 1344 (3rd Dept. 2019). "If there is any possibility that the information is sought in good faith for possible use as evidence-in-chief or in rebuttal or for cross-examination, it should be considered evidence material in the prosecution or defense." *Allen v. Crowell-Collier Publishing Co.*, 21 NY2d at 407. "New York has long favored open and far-reaching pretrial discovery." *DiMichel v. South Buffalo Ry. Co.*, 80 NY2d 184, 193 (1992), *cert denied sub nom Poole v. Consolidated Rail Corp.*, 510 U.S. 816 (1993).

However, despite the broad right to disclosure, the law recognizes that some materials are protected from discovery such as privileged matters, attorney work product and trial preparation materials. *Forman v. Henkin*, 30 NY3d 656; *Siegel v. Snyder*, 202 AD3d 125. The court "may, on its own initiative or on the motion of a party, issue 'a protective order denying, limiting, conditioning or regulating the use of any disclosure device' so as 'to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts.'" *Dicostanzo v. Schwed*, 146 AD3d 1044, 1045 (3rd Dept. 2017), *quoting* CPLR 3103(a). Vestal Park resists disclosure on the basis that the unredacted reports are privileged materials under quality assurance laws of Public Health Law, Education Law and the New York Code of Rules and Regulations; and that evidence of remedial actions are not subject to discovery.

There were three falls that occurred while decedent was Vestal Park, and each fall led to the generation of six reports, categorized as: Confidential Information Incident/Accident Report Involving a Resident; Employee Statement Accident-Incident Report; Resident Statement; Investigation of Accident/Incident; Investigation Summary Form-Unit Manager Review; Voluntary Statement. Vestal Park redacted information from the Employee Statement Accident-Incident Report and Investigation Summary Form-Unit Manager Review in

4

connection with the last fall on October 21, 2020. Curiously, no other reports were redacted and no claim of privilege was raised for any sections of the other documents, even though they contained the same questions. Nonetheless, Vestal Park now objects to the disclosure of certain information in two reports completed after the last fall.

The Employee Accident-Incident Report, completed by an LPN (Lynsey Davis) on October 21, 2020 redacted responses to the following questions: "What do you think caused the resident to fall?" and "What do you think would keep the resident from falling again?" As noted, the answers to those questions were not redacted for first two falls. The second objection pertains to the Investigation Summary Form-Unit Manager Review (completed by Nurse Brenda Mosher) and the question/response to "Corrective Actions Taken to Prevent Reoccurrence." That was not answered for the first fall, but for the second fall, the response was "Dycem to Wheelchair cushion."[3] Vestal Park redacted the response from the report of the third fall.

Following the *in camera* review of the reports, the Court declined to direct production of the unredacted versions of the reports, at that time. After further discovery, Plaintiff has persisted in seeking disclosure of the information, leading to this motion and request for an Order directing the production of the unredacted reports. Vestal Park continues to object to the unredacted reports based on the quality assurance privilege and remedial measures doctrine. *See, Caprara v. Chrysler Corp.*, 52 NY2d 114 (1981); *Roque v. State of New York*, 199 AD3d 1092 (3rd Dept. 2021). In addition, despite turning over the incident reports (some of which were redacted), Vestal Park maintains that the incident reports are entirely inadmissible based on the quality assurance privilege.

1. Quality Assurance Privilege

"Education Law § 6527 (3) and Public Health Law § 2805-m protect from disclosure records relating to performance of a medical or quality assurance review function or participation in a medical malpractice prevention program." *Estate of Savage v. Kredentser*, 150 AD3d 1452, 1454 (3rd Dept. 2017) (citations omitted); *Dicostanzo v. Schwed*, 146 AD3d 1044; *Daly v. Brunswick Nursing Home, Inc.*, 95 AD3d 1262 (2nd Dept. 2012). The rationale

---

[3] Dycem is a non-slip, rubber-like plastic material used to provide stability.

5

for this rule is to "encourage frank and objective discussion during the credentialing process." *Stalker v. Abraham*, 69 AD3d 1172, 1173 (3rd Dept. 2010), *citing Logue v. Velez*, 92 NY2d 13 (1998). The party opposing disclosure has the burden of demonstrating the applicability of the privilege [*Fernekes v. Catskill Regional Med. Ctr.*, 75 AD3d 959 (3rd Dept. 2010); *Stalker v. Abraham*, 69 AD3d 1172; *see Forman v. Henkin*, 30 NY3d 656] and "'is required, at a minimum, to show that it has a review procedure and that the information for which the exemption is claimed was obtained or maintained in accordance with that review procedure.'" *Robertson v. Brookdale Hosp. Med. Ctr.*, 153 AD3d 743, 744 (2nd Dept. 2017), *quoting Kivlehan v. Waltner*, 36 AD3d 597, 599 (2nd Dept. 2007); *Stalker v. Abraham*, 69 AD3d at 1173.

In the present case, Vestal Park has only provided an attorney affirmation in opposition to the motion for disclosure, but "did not submit an affidavit or other information from anyone with first-hand knowledge establishing that a review procedure was in place or that the report was obtained or maintained in accordance with any such review procedure." *Estate of Savage v. Kredentser*, 150 AD3d at 1454. Contrary to Vestal Park's position that the requirements of Education Law § 6527 (3) would automatically shield the reports from disclosure due to a quality assurance privilege, it must be established that the particular records were maintained in accordance with the applicable statutes. That can only be done with competent proof, such as an affirmation/affidavit of a person familiar with the entity's recording policies. That proof is lacking here. Therefore, Vestal Park has failed to meet its burden that the materials are not subject to disclosure due to the quality assurance privilege. *See, Id.*; *Marte v. Brooklyn Hosp. Ctr.*, 9 AD3d 41 (2nd Dept. 2004); *Cf. Dicostanzo v. Schwed*, 146 AD3d 1044 (party provided affidavits from vice-president of medical affairs and chair of its physician peer review committee).

2. Remedial Measures

Alternatively, Vestal Park claims that the reports are not subject to disclosure because they contain suggestions of corrective post-accident activities. Generally, evidence of repairs or improvements after an accident are not admissible to show negligence or culpability. *See, Caprara v. Chrysler*, 52 NY2d 114; *Saraiva v. N.Y. State Thruway Auth.*, 2025 NY AppDiv LEXIS 535 (4th Dept. 2025); *Soto v. CBS Corp.*, 157 AD3d 740 (2nd Dept. 2018); *see also,*

6

*Roque v. State of New York*, 199 AD3d 1092; *Parkinson v. Fedex Corp.*, 184 AD3d 433 (1st Dept. 2020); *Greblewski v. Strong Health MCO, LLC*, 161 AD3d 1336 (3rd Dept. 2018). "The general rule is that evidence of subsequent repairs or other remedial measures is not admissible as proof of negligence or culpability, because the fact that repairs were subsequently made is irrelevant on the issue of defendants' lack of care at the time of the accident. The rule is also supported by policy reasons intended to encourage postaccident repairs." *Bolm v. Triumph Corp.*, 71 AD2d 429, 436 (4th Dept. 1979), *lv dismissed* 50 NY2d 801 (1980); *see, Perazone v. Sears, Roebuck & Co.,* 128 AD2d 15, 17 (3rd Dept. 1987) ("[e]vidence of subsequent remedial measures does not logically prove negligence."); *Glazer v. Socata, S.A.S.*, 75 Misc3d 605 (Sup. Ct., Monroe County 2022). In fact, after the experience associated with an accident, a cautious person might adopt additional safeguards or precautions. The more concern the person has for the safety of others the more likely he/she would do so "and it would seem unjust that he[/she] could not do so without being liable to have such acts construed as an admission of prior negligence." *Morse v. Minneapolis & S.L.R. Co.*, 30 Minn 465, 468 (1883); *see, Caprara v. Chrylser Corp.*, 52 NY2d 114; Martin, Capra, New York Evidence Handbook, Subsequent Remedial Measures § 4.9.1 (3rd edition).

There is no evidence in this case that any corrective action or remedial measures have actually been undertaken or new procedures implemented. Rather, the two reports contain a description of what occurred, observations that were made, and potential recommendations for the future. "Whether or not such investigatory material is subject to the limitations on discovery or introduction at trial of post-accident remedial measure is a subject on which both the federal and state courts are deeply divided." *Reyes-Nunez v. State of New York*, 66 Misc3d 728, 731 (Court of Claims 2019). There does not appear to be any controlling authority for this Court.

In this case, the Court concludes the reports are <u>not</u> protected from disclosure as remedial measures, because the reports do not evidence an actual repair or correction of anything. The redacted report from Nurse Davis addresses what she thinks caused the resident to fall, and what could keep the resident from falling again. The questions only call for her opinion as to what might have happened, and measures that could possibly be taken; they are simply the thoughts of that person, but do not mean that the statements were endorsed by Vestal Park or acted upon. At best, the answers are just one employee's thoughts as to how this patient's ongoing <u>treatment needs</u> might be met. They are not "remedial <u>actions</u>" taken by the

7

defendant employer.[4] The limitations on discovery should only apply to actions that the defendant actually took to correct a perceived problem. *See generally, Reyes-Nunez v. State of New York*, 66 Misc3d 728. The underpinning of the doctrine is to encourage actions to improve a condition; not to reward a "suggestion box" report that is not ultimately utilized. Whether the information is ultimately admissible is a different consideration, but if no action was taken the details should at least be part of pre-trial disclosure.

The Court reaches a similar conclusion regarding the Investigation Summary Form-Unit Manager Review report (completed by Nurse Mosher) which asks about corrective actions to prevent a reoccurrence. That question was answered with respect to the second fall, and turned over to Plaintiff, but Vestal Park redacted it with regard to the third fall. Again, no argument has been presented as to why there should be any different treatment of the reports. The nature of the question also does not suggest a valid basis to deny disclosure. The question/category is about possible corrective actions taken to prevent a reoccurrence. That does not suggest that any remedial action was taken, but only what Nurse Mosher's opinion was of what could be done to prevent another fall at some time in the future. In fact, it appears that decedent was transferred to the hospital after the third fall and there was not time to implement any changes for this patient/resident. Thus, the response does not show any remedial action, but only an opinion of what might be done.

The Court also recognizes a potential argument that additional training or re-training of employees might be viewed as remedial action, if it was undertaken to reinforce certain policies or safety measures. *See, Klosin v. Nemours*, 2023 US Dist. LEXIS 25099 (WDNY 2023); *Muhammad v. Mta Bus. Co.*, 2018 NY Misc LEXIS 22491 (Sup. Ct., Queens County 2018); *Alfieri v. Carmelite Nursing Home, Inc.*, 29 Misc3d 509 (Civ. Ct., Richmond County 2010). If that additional training was instituted to make a situation more safe, then there could be an argument that it was remedial action and should not be used against that party. However, on this record, there is no indication that any such remedial action was taken. The Court cannot say that documents or testimony about any re-training would be inadmissible for any purpose. For example, proof of ownership or control may be a basis to allow discovery. It can also be

---

[4] Those same questions were not redacted with respect to the first fall on October 16, 2020 and Vestal Park has not explained why there should be any difference in the treatment between the Employee Statement Accident-Incident Report for the October 16, 2020 fall and the October 21, 2020 fall. Regardless of the inconsistencies in providing the responses, the evidence does not show that these are non-discoverable remedial actions.

8

used for impeachment purposes. At this point, it is unknown if the reports will be admissible at trial, or if any attempt will even be made, but the possible use can be addressed in the future. As a result, the Court will not limit discovery under the remedial action theory with respect to the incident reports in question.

Therefore, based upon the facts and circumstances presented on this motion, the Court concludes that Plaintiff is entitled to the unredacted reports which are sought on this motion.

### 3. Disclosure Related to the Equipment Used During Treatment

The balance of Plaintiff's motion relates to the production of various information concerning equipment and devices utilized in the patient's care including the bed, wheelchair, footwear etc. to decrease the risk of falls. Given the nature of the claim, Plaintiff's requests for information concerning the equipment utilized would be important to evaluate Plaintiff's contention that the devices could have prevented decedent's injuries, or that Vestal Park failed to provide the necessary protective equipment/devices.

After Plaintiff's motion was filed, Defendant provided supplemental responses dated October 30, 2024 to Plaintiff's discovery demand. Defendant now asserts that the part of the motion dealing with medical equipment and devices is moot. The Court disagrees.

Vestal Park's most recent supplemental responses do not provide additional information at all, but simply reiterate the same objections previously raised. All 13 responses are identical objections that Plaintiff's demand is "overbroad, irrelevant, unduly burdensome, speculative, patently improper and/or call for disclosure of information which is beyond the knowledge of the defendants." That is very similar to Defendant's prior responses from July 2023, which were the basis for Plaintiff's motion initially. There is no reasonable argument that the October 30, 2024 supplemental response has eliminated the issues raised on the motion. Nor is the Court persuaded that Plaintiff has made the instant motion without good faith efforts to resolve the issues with opposing counsel. The issues had been discussed between the parties previously, and had even been the subject of Court conferences, after which the Court granted permission for Plaintiff to file a discovery motion.

Turning to the substantive part of the discovery demands, Plaintiff seeks information related to the bed(s), wheelchair, footwear, walkers, call bells and Dycem products provided to decedent while at Vestal Park. Those requests are clearly connected to the claims of negligence

related to her falls and the information is material and necessary to the case, and reasonably related to the prosecution of her case. Defendant has not made disclosures relative to those demands, and Defendant's contention that it has no information concerning its own products and devices is not credible. The claim that the demands are overbroad or not within Defendant's knowledge is not substantiated. Therefore, Vestal Park is directed to provide responses to Plaintiff's discovery demands.

## CONCLUSION

Accordingly, based on all the foregoing and after due deliberation, it is hereby

ORDERED, that Plaintiff's motion to compel discovery against Vestal Park is GRANTED.

THIS CONSTITUTES THE DECISION AND ORDER OF THIS COURT.

Dated:      March 21 , 2025
            Binghamton, New York

                                    HON. EUGENE D. FAUGHNAN
                                    Supreme Court Justice